## THE STATE OF IOWA;

### IOWA CITY, DECEMBER TERM, A.D. 1856.

In the eleventh year of the state.

---

PRESENT:

HON. GEORGE G. WRIGHT, CHIEF JUSTICE.
  " WM. G. WOODWARD, } JUSTICES.
  " L. D. STOCKTON, }

---

## GOWER & HOLT *v.* CARTER & SHATTUCK.

An agreement to pay a sum of money by a day certain, and more than legal interest afterwards, by way of penalty, if the debt be not punctually paid, is not usurious.

No other sum can now be recovered under a penalty, than that which shall compensate the plaintiff for his actual loss.

In the case of a loan of money, a promise to pay a penalty beyond the amount of legal interest, cannot be enforced.

No damages for the mere non-payment of money, can ever be so liquidated between the parties, as to evade the provisions of the law which establishes the rate of interest.

Where it appears from the record, that the judgment is greater than the plaintiff is rightfully entitled to recover, the appellate court will correct the error,

although the judgment may have been rendered without objection, or without any effort to correct or reduce the amount of the damages.

Where in an action on three promissory notes, payable respectively in six, nine and twelve months from date, each of which notes contained a provision as follows: "If not paid punctually when due, we promise to pay, as a penalty for the default, two and a half per cent. per month from maturity till paid," to which action, the defendants answered, denying the indebtedness, and alleging that the notes were usurious on their face; and where the plaintiffs demurred to so much of the answer as pleaded usury, which demurrer was sustained by the court; and where the defendants made no further defence, and judgment was rendered against them for the amount of the notes, with interest at ten per centum from their date to maturity, and for the penalty of two and a half per centum per month, from the maturity of the notes to the date of the judgment; and where one of the errors assigned in the appellate court was, that the judgment was for a greater sum than the plaintiffs were entitled to recover: *Held*, 1. That the contract was not usurious; 2. That the agreement to pay the two and a half per centum per month, as a penalty in default of payment of the notes, at their maturity, is not essentially different from an agreement to pay a gross sum as such penalty; 3. That the judgment should have been for the money actually due, without the addition of the penalty.

## *Appeal from the Johnson District Court.*

THIS suit is brought on three promissory notes, each for the sum of $969.91, dated January 30th, 1854, and payable respectively in six, nine, and twelve months from date, with interest until paid, at the rate of ten per cent. per annum. Each note contains a clause in these words: "If not paid punctually when due, we promise to pay as a penalty for the default, two and a half per cent. per month from maturity till paid." The defendants answered, denying generally any indebtedness to plaintiffs in the sum claimed, or any less sum on the promissory notes; and for further answer, they deny they are indebted to plaintiffs for any interest as claimed, and they further aver, "that the said notes, and each of them, are usurious, because they say that the sum of two and a half per cent. a month, stated in said notes, and which it is alleged these defendants promised to pay as a penalty for default for non-payment, for any and all of said notes, when due, was at the time of making said notes, agreed upon by the parties as the rate of interest which said notes should

draw after the same should become due, and was then agreed to be the rate of interest to be paid by defendants to plaintiffs, on the several sums of money named in said notes after the same became due and payable, as the consideration for giving said notes. That there was no further or different consideration agreed upon between the parties, than an indebtedness to the amount of principal stated in said notes, at the time of the execution of said notes by defendants, or for the consideration for the ten per cent. interest; and the interest of two and one-half per cent. per month named as a penalty, and which was intended and agreed upon as interest after the said notes became due. And defendants aver, that said interest is liable to be forfeited by statute in such case made and provided." To so much of the answer as sets up and avers usury in the notes sued on, there was a demurrer sustained by the court, and the cause coming on for hearing on the petition and exhibits, judgment was rendered for plaintiffs for the amount of the notes and interest at the rate of ten per centum per annum, from their date to their maturity, and for the penalty of two and a half per centum per month, from the maturity of the notes to the date of the judgment.

From this judgment, defendants appeal; and assign for error, the sustaining of the demurrer by the court, and the rendering judgment for the penalty of two and a half per centum per month, and for any more than the amount of the notes and ten per centum interest.

*I. M. Preston*, for the appellants.

All technical forms of pleading are abolished by the Code of Iowa. Section 1734 of the Code, provides that any pleading which conveys to the common understanding a reasonable certainty of meaning, or which by a fair and natural construction, shows a substantial cause of action or defence, shall be deemed sufficient. Now, does the defendants' answer in this case, comply with the requirements of this provision of the Code? We say it does, we say that defendants'

answer is definite, certain, and legal; and in order to give force to the objections taken in the demurrer, you must set aside the express provisions of the Code (§ 1734), together with the universal practice of the courts of this state. To give force to the objections taken by the demurrer, would be requiring greater certainty in pleading usury, than is required in criminal proceedings at this time. The defence of usury set up in this case, is based upon the statute of Iowa. Acts of 1853, p. 67. Especial reference is made to sections 4 and 5, of said act. Section 5 provides, that where the unlawful interest is apparent on the face of the contract, the court shall render judgment of forfeiture, whether suit is defended or not. We say the unlawful interest in this case, is apparent on the face of the notes, and the court should have rendered judgment of forfeiture, even if the defendants had not appeared.

Again, in section 5 of said act, it is provided that where the unlawful interest is not apparent on the face of the contract, the person contracting shall be a competent witness to prove the contract usurious, &c. In this case, the notes call for two and a half per cent. per month, as a *penalty*. We aver in our answer, that this two and a half per cent. was agreed to be paid as interest, and that such was the agreement, and that there was no other consideration. They, by their demurrer admit it, superseding the necessity of proof. Then we say, the court erred in sustaining said demurrer, and rendering said judgment. The word "penalty," expressed in the notes, amounts to nothing upon the question to be decided in this case; and in any case, it is only an indirect way of dodging the word " interest."

The question whether the court erred in sustaining the demurrer to defendants' answer, necessarily includes the other errors assigned. We, therefore, say that if we have taken the correct view of the pleadings and question involved in this case, the court below erred in sustaining said demurrer, and in the rendition of said judgment, and the judgment below should be reversed.

*Clarke & Henley*, for the appellees.

But a single question is presented by the record in this case, viz: did the court err in sustaining the demurrer to so much of the answer of the defendants as attempted to set up the plea of usury? We say not. Although it may be true that the Code has abolished all special pleading and technical forms, it has not abolished all *common sense;* nor has it changed the substance of things. A pleader *now* must state *substantially* what he was required to allege before under the old system of pleading. And so this court has decided repeated ly. A plea of usury now, to be good, must contain substantially all the material allegations required under the former practice. Let us see, then, what are the requisites of a plea of usury.

1. The plea must aver that there was an agreement to take illegal interest, and that the agreement was corruptly made. *Cohee* v. *Cooper,* 8 Blackf. 115; Story on Contracts, 628; *McFarland* v. *State Bank,* 4 Pike, 44; 1 Wheat. Selwyn, 563; 10 Bac. Abrg. 299, 301.

2. The plea or answer must set out the terms of the usurious contract, the principal sum borrowed, and the interest agreed to be taken or received. *Fay* v. *Grimstead,* 10 Barb. 321; *Gould* v. *Horner,* 12 Ib. 601; *Vroom* v. *Ditmas,* 4 Paige, 526; *N. O. Gaslight, &c., Co.* v. *Dudley,* 8 Paige, 457; *Curtis* v. *Masters,* 11 Paige, 17; *Cloyes* v. *Thayer,* 3 Hill, 565; *Clark* v. *Moses,* Kelly, 143; *Halton* v. *Button,* 4 Conn. 436; *Wiemer* v. *Shelton,* 7 Missouri, 237; *Hancock et al.* v. *Hodgson,* 3 Scam. 329; *Livingston* v. *Indianapolis Ins. Co.,* 6 Blackf. 133; 1 Wheat. Selwyn, 563; 10 Bacon's Abrg. 299.

3. The plea must show either that the money was a loan, or that an excess of interest was agreed to be paid, for the forbearance of a pre-existing debt, and for giving day of payment. *Hancock et al.* v. *Hodgson,* 3 Scam. 329, 301; 1 Wheat. Selwyn, 565; Bacon's Abrg. 299, 301.

4. The said answer must allege a tender of the money actually due, and bring the same into court. Story on Cont. 635; *Fanning* v. *Dunham,* 5 Johns. Ch. 122.

These are well settled principles, and tried by these, the

answer is utterly deficient.　The answer alleges, after admitting the execution of the notes, and denying that they are indebted for interest, "that the notes executed by them as aforesaid, and each of them, are and is, usurious, *because* the sum of two and a half per cent. a month, stated in said notes, and which it is alleged, these defendants promised to pay as a penalty for default for non-payment for any and all of said notes when due, was, at the time of making said notes, agreed upon by the parties to this cause, as the rate of interest which said notes should draw after the same should become due, and was then agreed to be the rate of interest to be paid by the defendants to the plaintiffs, on the several sums of money named in said notes, after the same became due and payable, as the consideration for giving said notes," and "that there was no further or different consideration agreed upon between said parties, than an indebtedness to the amount of principal stated in said notes, at the time of the execution of said notes by defendants, or for the consideration for the ten per cent. interest, and the interest of two and one-half per cent. per month, named as a penalty, and which was intended and agreed upon as interest after said notes became due."

Now, in the first place, it will be admitted, that the *meaning* of this plea or answer, is difficult to arrive at; and, secondly, that it neither states that the agreement was corruptly made; nor that there was an agreement to pay and receive illegal interest; nor the principal sum loaned, and the amount of interest included in said notes, or the rate over and above legal interest, the defendants agreed to pay; nor that they agreed so to pay, in consideration that plaintiffs would and did extend the day of payment, is equally clear.　In all these requisites of such plea, it is totally deficient.　There is, however, one admission in the answer, which is important, yielding, as we conceive, the defendants' whole case; and that is this, that *there was no further or different consideration agreed upon between the said parties, than an indebtedness to the amount of the principal stated in said notes, at the time of their execution.*　Here the defendants admit, that on the day when the said notes were executed, they owed the plaintiffs

the amount stated in said notes, and that such indebtedness was the only consideration for their execution. There is, then, no usurious consideration in said notes; and if they *are usurious*, they must either be so *on their face*, or there must have been an agreement that the plaintiffs would not enforce payment when said notes became due, but in consideration of the two and a half per cent. per month, named as a penalty, *would allow the said notes to run beyond the day of payment, or to a day agreed upon.* An allegation of this character, in addition to the other requisites above pointed out, and perhaps without them, would show an unlawful and corrupt agreement, and the answer or plea would be good.

Now, a plea of usury is in the nature of a penal action, and much strictness is required in pleading it. The plea should clearly show that the defence comes within the statute. 10 Bacon's Abrig. 301.

The question then arises, are the notes usurious *on their face?* and if so, have the defendants properly taken advantage of it? If the notes are usurious on their face, the petition is demurrable, and the defendants, instead of answering, should have demurred, and thus raised the question to the court. *Matlock* v. *Mallory*, 19 Ala. 694, cited in 13 U. S. Dig. 638.

But waiving this, the notes are *not* usurious on their face. They come within the principle laid down in *Wright* v. *Shuck*, Morris, 425. . The notes only bear ten per cent. interest, the legal rate. If the defendants had complied with their contract, they would not be liable to pay anything more. There was no power in the plaintiffs to exact more than the law permitted them to exact. But for the purpose of assuring the plaintiffs that they might rely upon receiving their money when due, the defendants promised to pay a specified penalty; that penalty is nothing but liquidated damages. There is nothing in the contract which enables the plaintiffs to *defer* the day of payment, and thus acquire a right to the penalty. If the defendants paid the money when due, no penalty was to be paid at all. They alone have failed to perform their contract; they alone are in default; and in the language

of MASON, C. J., in *Wright* v. *Shuck*, above cited, "it would be contrary to all reason and justice, to allow him (them) to violate his (their) agreement, by not paying at the time, and then set up a consequence of his own breach of the contract, as a protection against all liability thereon." And it is well settled, that an agreement to pay even double the sum borrowed, *or other penalty* on the non-payment of the principal debt at a certain day, is not usurious, because it is in the power of the borrower wholly to discharge himself, by repaying the principal, according to the bargain. 10 Bacon's Abrig. 268, and authorities cited. The case at bar, comes fully within this doctrine, and further argument would seem to be superfluous.

In their argument, however, the appellants insist, that the demurrer admits the answer to be true, and hence they reason, that as the answer alleges the notes to be *usurious*, the demurrer admits the fact, that the notes are usurious. To this it seems hardly necessary to reply, that a demurrer only admits that to be true, which is *well pleaded;* that the mere allegation of usury, unsustained *by facts*, does not constitute a plea of usury; and that if the plea is deficient in any one respect, it is insufficient, and there is no admission upon the record.

The plea of usury being bad, for want of proper averments of fact, showing the usury, and the notes not being usurious on their face, the court properly sustained the demurrer, and rendered judgment for the amount due on the notes.

STOCKTON, J.—The first question arising in this cause, is as to the correctness of the decision of the District Court, in sustaining the demurrer to defendants' answer.

The answer is certainly most inartifically drawn. It is clearly insufficient in the facts it sets forth, to show that there was anything usurious in the contract between the parties, whereby defendants agreed to pay the several sums of money when the promissory notes respectively fell due. If the contract was usurious, the plaintiffs, under section 5, Act of February, 1853 (Session Acts, p. 68), would only have been

entitled to judgment for the principal sum loaned, without interest or costs. The contract itself is not rendered void. The object of the defendants, then, should have been to have stated such facts as would have shown the contract usurious, in order to avoid the payment of the interest and costs. But there are no facts alleged, to show that there had been any substantial payment, or agreement to pay, more than the law allows, either for the use of money lent, or for the forbearance of money due and payable. The agreement to pay the penalty of two and a half *per centum per month*, in default of payment of the principal sum and interest when due, formed no part of the consideration of the several promissory notes, or either of them, and consequently does not affect them with the taint of usury. The agreement was in its language and terms, a penalty to secure the faithful performance of the original contract. If this contract had been performed by the defendants, and the money paid according to the tenor and effect of their undertaking, at the time the promissory notes fell due, there would clearly have been no usurious interest paid or received. The defendants then had it in their power to obviate the objectionable feature of the contract of which they complain, and by their own act, free the promissory notes of the supposed taint of usury, to which they now object. Where a party agrees to pay a sum of money by a day certain, and more than legal interest afterwards, by way of penalty, if the debt be not punctually paid, such agreement is not usurious. The authorities to support this point are numerous, and we refer to the following, among others: *Wright* v. *Shuck*, Morris, 425; *Shuck* v. *Wright*, 1 G. Greene, 128; *Lawrence* v. *Cowles*, 13 Ill. 577; *Wells* v. *Girling*, 1 Broderip & Bingham, 447; *Brockway* v. *Clark*, 6 Hammond, 45; *Cutler* v. *How*, 8 Mass. 257; *Gambriel* v. *Doe*, 8 Blackford, 140; Kelly on Usury, 76; Parsons on Mercantile Law, 256; 2 Parsons on Contracts, 293. This contract, therefore, not being in our opinion usurious, the demurrer to defendants' answer was properly sustained by the court.

It appears from the record, that in the further progress of the cause, after sustaining the demurrer to so much of the

defendants' answer as was intended to set up the defence of usury, the court rendered judgment for the plaintiff for $3,427.40, being for the amount of the notes and interest to maturity, together with the penalty of two and a half *per centum per* month. It is now assigned for error, by the defendants, that this judgment is for too great a sum; that the plaintiff was entitled to judgment for the amount of the notes and interest only; and that the court should not have included in the judgment the penalty of two and a half *per centum per month.*

The defendants' agreement to pay the two and a half *per centum per month,* as a penalty in default of payment of the promissory notes at their maturity, is not essentially different from an agreement to pay a gross sum as such penalty. Nor do we perceive that either of the notes sued on, is essentially different from a penal bond, by which the obligor binds himself to pay the obligee a certain sum, with a condition appended, by which the first obligation is to be void on the payment of the lesser sum to the obligee, by a day certain. The real nature and essence of the agreement, is always disclosed by the condition of the bond or undertaking.

In the present case, the condition of the contract was to pay the notes with interest, by a certain day. If not paid punctually when due, defendants' promise to pay as a penalty for the default, two and a half *per centum per month* from maturity until paid. Are the plaintiffs entitled to enforce this penalty against the defendants, on their failure to pay the notes at their maturity? We may first remark, however, that on examination of the petition, we find that it does not set forth any breaches on the part of defendants, as on a penal bond. It does not aver what amount is claimed by plaintiffs, as due from defendants; nor does it pray judgment for the amount of the penalty. We refer to this, in connection with the question made by defendants in their assignment of errors, viz: whether the court should have rendered judgment for the penalty of two and a half *per centum per month,* and if not, for what amount should judgment have been rendered?

Gower & Holt v. Carter & Shattuck.

The consideration of this question, renders it advisable to inquire to some extent into the nature and history of actions for penalties, and on penal obligations.   In an action of debt on a penal bond for condition broken, the amount which the plaintiff was entitled to recover, was originally the penalty. The action could not be relieved against either, by payment or tender.   This severe rule of the common law was only mitigated by the practice of the courts of chancery, which interposed and would not allow the creditor to take more than in conscience he ought.   Sedgwick on the Measure of Damages, 393.   From the time that it became settled in equity, that the condition of the bond was the agreement of the parties, the obligor was relieved from the penalty.   Very soon arose the practice, enforced by legislation, requiring the plaintiff to assign breaches in his declaration, and the jury on the trial assessed such damages for the breaches assigned, as the plaintiff on the trial might prove.   And it is enacted by the Code of Iowa, section 1818, that, "in actions on penal bonds, the petition must set forth the breaches, and the judgment rendered thereon, must be for the actual damages only." It may, therefore, be laid down as a settled rule, that no other sum can now be recovered under a penalty, than that which shall compensate the plaintiff for his actual loss.   The penalty is in no sense the measure of compensation ; and the plaintiff must show the particular injury of which he complains, and have his damages assessed by a jury.   Such damages, it is further held, are not necessarily nominal, and the jury may  give substantial damages, if they see fit.   Sedgwick on Damages, 396, 397.

In the case of a loan of money, although in point of fact, a creditor may suffer the most serious inconvenience for the want of punctual payment of his debt, as happens every day, and a subsequent payment of principal and interest may be a very inadequate compensation for the original disappointment, it may be stated as a general rule, that a promise of paying a penalty beyond the amount of legal interest, cannot be enforced.   2 Pothier on Obligations, Appendix, 87. Where the penalty has been incurred, the ends of justice may

be arrived at, by reducing the penalty to the actual debt. 2 Parsons on Contracts, 393. The case of *Groves* v. *Groves*, 1 Washington, 1, was an agreement for the payment of a debt at a certain day, and if not paid punctually, then for the payment of a larger sum; the court held that a contract to pay a larger sum at a future day, was not usurious, and that the increased sum should be considered as a penalty, against which equity ought to relieve, on compensation being made. So in *Brockway* v. *Clark*, 6 Hammond, 45, the Supreme Court of Ohio held, that where a money lender takes from a borrower, an obligation for a greater amount than the money lent, and stipulated interest, with an undertaking on his part to receive a less sum in discharge of the obligation, if punctually paid, equity may relieve against the excess as a penalty, on the same principle upon which parties are ordinarily relieved from penalties. The same was granted at law in Massachusetts, in the case of *Cutler* v. *Howe*, 8 Mass. 257. After a verdict by the jury for the plaintiff, assessing the damages, the court directed a certain amount of the penalty, which it deemed oppressive, to be deducted from the amount ascertained by the verdict, and judgment was entered on the verdict as amended. In *Shuck* v. *Wright*, 1 G. Greene, 128, the note was for the sum of $300, payable two years after date, and to bear interest after maturity, if not paid, at the rate of fifty per centum per annum. Suit being brought by the holder of the note to foreclose a mortgage, given to secure its payment, the petition prayed judgment for the amount of the note, with such interest as the court should deem just and proper. Judgment was given for the plaintiff, for the amount of the note and interest at *six per centum per annum*. This judgment was affirmed by the Supreme Court (1 G. Greene, 128), and we may consider that the principle was thereby settled, so far as the authority of this court could settle it, that the plaintiff was not entitled to judgment for the penalty of fifty *per centum per annum*, but for six per cent. only.

In another class of cases, where the parties have agreed upon a sum certain as the measure of damages, in order as

far as possible to avoid all future questions as to the amount of damages, which may result from the violation of the contract; and where a definite sum was named, as settled and liquidated, if the construction of the phraseology would work oppression, the use of the term, "liquidated damages," did not prevent the courts from inquiring into the actual injury sustained, and doing justice between the parties.    No damages for the mere non-payment of money, can ever be so liquidated between the parties, as to evade the provisions of the law, which fix the rate of interest.  Sedgwick on the Measure of Damages, 400.    In *Orr* v. *Churchill,* 1 H. Blackstone, 232, Lord LOUGHBOROUGH said: "There can only be an agreement for liquidated damages, where there is an agreement for the *performance of certain acts,* the not doing of which would be injurious to one of the parties; or to guard against the performance of acts, which if done, would also be injurious.    But in cases like the present, the law having fixed by positive rules, the rate of interest, has bounded the measure of damages."    In the case of *Gray* v. *Crowley,* 18 Johnson, 226, where a party covenanted on a certain contingency, to pay to another, a sum of money, with a proviso, that if he failed or refused, then he would pay a larger sum as liquidated damages, the Supreme Court of New York, say, "such facts constitute no right to recover beyond the money actually due.    Liquidated damages are not applicable to such a case.    If they were, they might afford a secure protection for usury, and countenance oppression under the forms of law."

On a consideration of these authorities, we have no hesitation in coming to the conclusion, that the District Court erred in rendering judgment against defendants for the penalty of two and a half *per centum per month,* stipulated in the notes.    The plaintiff was entitled to recover only the several sums agreed to be paid, with the interest at the rate of ten *per centum per annum,* and the cause being heard on the petition and exhibits only, the judgment should have been for the money actually due, without the addition of the penalty.

The judgment having been rendered, without any objection made to it in the District Court, and without any effort there to correct or reduce the amount of the damages, we have inquired whether the defendants can now ask to have the same corrected in this court, and assign for error that the judgment was for too great a sum.    The questions made by defendants, however, we think, arose properly in this case, and the errors are well assigned.    Even when the judgment below has been by default, this court will correct any errors apparent on the face of the proceedings, as when the judgment is for more than is claimed by plaintiff, or where, as in this case, it is for more than he is rightfully entitled to recover.    *Roberts* v. *Smith*, &c., Morris, 417 ; *Doolittle* v. *Shelton*, 1 G. Greene, 27.    The judgment of the District Court will therefore be reversed.

Judgment reversed.