Fisher v. Anderson & Froth.

particularity ought not on principle to be required. There was no error in overruling the motion.

Affirmed.

## FISHER v. ANDERSON & FROTH.

Interest: PENALTY FOR NON-PAYMENT: USURY. A promissory note which stipulates, that if it be not paid when due, it shall draw interest at ten per cent from date, is not usurious ; and if not paid at maturity, the principal and ten per cent interest thereon from the date of the note may be recovered. *Aliter*, if it appeared, that interest had been included in the amount of the note, and a recovery was sought for ten per cent thereon as well as on the principal.

*Appeal from Lynn District Court.*

FRIDAY, JUNE 5.

PLAINTIFF declares upon a note dated March, 8, 1867, due January 1, 1868, for $170.10, and " if not paid when due, with interest at ten per cent from date." The answer admitted the allegations of the petition, and proposed to let judgment go for the amount of the note, with interest at six per cent from the maturity of the note. Whether plaintiff was entitled to more than the six per cent thus offered, was submitted upon the pleadings to the court below, without evidence from either party. The finding was for plaintiff, and defendants appeal.

*T. Corbett* for the appellants.

*Thompson & Davis* for the appellee.

WRIGHT, J.—It will be seen that there was no evidence that interest to the 1st of January, 1868, was included in INTEREST: the note, and that ten per cent was agreed to penalty for non-payment: be paid on the amount thus computed from usury. the date of the transaction or loan. Upon its

face the contract seems to be fair and not unusual. Whether the ten per cent be called a penalty or interest, the note would not be tainted with usury, for by the statute it is competent to contract for and take ten per cent. If defendant was at the date of the note owing $170.10, then, under the law, plaintiff could take his promise to pay ten per cent from that date, having the payment of the interest so reserved, depend upon the prompt payment of the principal at maturity. And upon the face of the note this is all there is of the case.

*Cutler* v. *How* (8 Mass. 256), cited by appellants, so far from teaching a contrary rule, plainly upholds this contract. Defendant, by paying the note before or at its maturity, might have avoided the payment of the ten per cent, and it was as competent for him to undertake to pay this amount for his failure to make prompt payment as to pay six per cent. For when the contract is in writing it is no more usury to reserve ten than six per cent.

So, if "I loan to one a hundred pounds for two years, to pay for the loan thereof thirty pounds, and if he pay the principal at the year's end, he shall pay nothing for interest, this is not usury, for the party hath his election, and may pay it at the first year's end, and so discharge himself." *Roberts* v. *Tremayne*, Cro. Jac. 507. And says the text (3 Par. on Con. 116), an agreement to pay more than interest for not paying a debt is not usurious, because the debtor may relieve himself by paying the debt, with lawful interest; and even if he incurs the penalty this may be reduced to the actual debt. As the record stands in this case the actual debt was just what is claimed by plaintiff.

In *Gambrill* v. *Doe* (8 Blackf. 140) the mortgage reserved ten per cent and provided that the land might be exposed to sale "if such principal and interest be

not paid at the time the same shall become due, to satisfy said principal, and principal and interest, with *five per cent* damages and all costs." It was held, that the *ten per cent* was the lawful rate of interest, and as to the five per cent damages, it was entirely optional with the mortgagor whether he would pay the same or not — that they were in the nature of a penalty for the want of punctuality in paying the debt when due, and that this saved the contract from the taint of usury. And see this doctrine expressly recognized and fully discussed in *Gower* v. *Carter*, 3 Iowa, 244; also *Shuck* v. *Wight*, 1 G. Greene, 128; *Parvin* v. *Hoopes*, Morris, 294; *Wilson* v. *Dean*, 10 Iowa, 432.

Now, if it appeared that interest had been included in the note, and that plaintiff was seeking to recover ten per cent thereon as well as on the principal from its date, we would have the case discussed by defendant's counsel; and we should be prepared to hold that the parties could not, by thus liquidating the damages for the mere nonpayment of the money, evade the usury statute. Or, if by this construction of the contract, plaintiff, under the name of penalty or otherwise, was reserving more than the legal rate of interest, defendant's position might be maintained. Nothing of this kind appears, however, and the judgment below must stand

Affirmed.