# SYLVESTER G. DOWNEY, Admr.

*v.*

# CHARLES D. BEACH.

1. USURY—*penalty to secure prompt payment, not usurious.* A provision in a promissory note for the payment of thirty per cent interest per annum after maturity, as liquidated damages for non-payment when due, if inserted for the purpose of securing prompt payment, does not render the transaction usurious.

2. PENALTY—*relief in equity against.* Where a party gives his promissory note for money borrowed, payable in one year, with ten per cent interest, and with thirty per cent per annum interest after maturity, if not paid when due, as liquidated damages, a court of equity will not relieve him from the penalty, where the payee has practiced no deception and done no act to mislead him and induce him to make the note. His ignorance that the note contained such a provision, when he was able to read the same, affords no ground for equitable relief.

APPEAL from the Circuit Court of Jersey county; the Hon. CYRUS EPLER, Judge, presiding.

The opinion of the court states, with sufficient fullness, the nature and facts of this case. The court below decreed the relief sought.

Mr. GEO. W. HERDMAN, and Messrs. WOODSON & WITHERS, for the appellant.

Messrs. DUMMER & BROWN, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

This bill was to enjoin a suit at law. Complainant borrowed of Talitha and Charlotte Crane, $500, for which he gave them his promissory note, with Edwin Colean as surety. The note bears date July 26, 1870, payable at one year after date, and bears interest at the rate of ten per cent per annum, with thirty per cent per annum interest after maturity, as

liquidated damages for non-payment when due. Both payees are now dead, and the present defendant, as administrator of the estate of the last deceased, had commenced suit on the note, to enforce collection. A default had been entered, when this bill was filed to prevent the entering of final judgment. With his bill, complainant tenders the principal of the note, with interest at ten per cent per annum compounded, together with all costs of the common law case, and seeks to enjoin the further prosecution of the suit.

This court has repeatedly held that contracts like this one are not usurious, if made with a single purpose to secure prompt payment of the principal sum. Although the party agrees to pay a rate of interest in excess of that allowed by statute, after maturity, it is, nevertheless, regarded as in the nature of penalty to secure prompt payment. In such cases, the penalty is liquidated damages fixed by the solemn agreement of the parties. When made for the sole purpose of securing prompt payment, and understandingly entered into, such contracts are valid at law, and may be enforced. The cases that hold this doctrine are so numerous in this court, it is not necessary to do more than cite a few of them. *Lawrence* v. *Cowles*, 13 Ill. 577; *Smith* v. *Whitaker*, 23 Ill. 367; *Blair* v. *Chamblin*, 39 Ill. 521.

Conceding the fact insisted upon, that the provision for the payment of thirty per cent per annum interest after maturity, is in the nature of penalty, still, in the light of the decisions of this court, the penalty imposed is liquidated damages, which have been the subject of adjustment by the previous agreement of the parties themselves. A court of equity, in all such cases, will withhold its aid, and leave the parties to their legal rights, whatever they may be. There is nothing in the facts alleged in this case that calls for the interposition of a court of chancery on equitable grounds. Complainant charges, he was ignorant of the fact the note contained the provision for the payment of thirty per cent after maturity, and had no knowledge of it until the day he filed his bill.

This was his own negligence, against which it is not the province of a court of law or equity to afford him relief. It is not claimed he could not read, and if he failed to read the provisions of the note when he made it, in the absence of any fraudulent practices to procure the execution, he must bear the consequences.

When the note became due, it was the duty of the maker to pay it, or procure further extension upon such terms as the payees were willing to grant. By paying the note at maturity, he could have relieved himself from the payment of the penalty agreed upon for non-payment. Having failed to avail of his privilege in this regard, it must be understood he did so in view of the fact the damages had been adjusted and fixed by previous positive agreement. He had his election, and a court of equity will not relieve him from the consequences of his own contract. No deception was practiced by the payees, or either of them, to procure the note with the provision for the payment of thirty per cent after maturity. They were guilty of no wrong or oppression. By no act or word did they mislead or deceive the maker into giving the note with the penalty attached. If he has suffered injury that may now seem grievous, it is attributable alone to his own *laches.* It is his own contract, which is valid at law, and a court of equity will not interfere to set it aside.

The decree will be reversed and the bill dismissed.

*Decree reversed.*