JOHN N. TAYLOR, Appellant, v. T. J. BUZARD, Respondent.

Kansas City Court of Appeals, November 6, 1905.

1. **USURY: Interest: Penalty.** Usury is exacting more than eight per cent per annum; and if the debt may be discharged according to its terms without reaching usury, there is none, since the debtor has the privilege of paying the lawful sum only and so avoid the penalty.

2. **BILLS AND NOTES: Negligence: Installment: Rental: Forfeiture.** The mortgage securing a note provided that if the installments did not exceed a certain amount the payment should be regarded as rent and not payment on the note and the property forfeited. *Held,* in determining whether the agreed amount had been paid monthly the sum of all the payments should be divided by the number of months elapsed, and the most favorable view in the interest of the payor should be taken rather than resort to the enforcement of a forfeiture under the contract.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

REVERSED AND REMANDED (*with directions*).

*A. Doneghy* for appellant.

(1) If the provisions for the payment of excessive interest is dependent on a contingency which the borrower may avoid by paying the debt with legal interest, the loan will not be deemed usurious. State v. Elliott, 61 Kan. 518; Lloyd v. Scott, 4 Pet. 205; Gambril v. Doe,

8 Black. (Ind.) 140; Fisher v. Anderson, 25 Iowa 28; Weatherby v. Smith, 30 Iowa 131; Righter v. Warehouse Co., 99 Pa. St. 289; Downey v. Beach, 78 Ill. 53; McNairy v. Bell, 1 Yerg (Tenn.) 502; Walker v. Abt, 83 Ill. 226; Ramsay v. Morison, 39 N. J. Law 591; Upton v. O'Donoghue, 32 Neb. 565; Rogers v. Sample, 33 Miss. 310; Spain v. Hamilton, 1 Wall. (U. S.) 605, 626; Long v. Storie, 41 Eng. Chanc. (9 Hare) 542. (2) The burden of proof is on the defendant to show that the contract was usurious. Davis v. Dowling, 19 Mo. 651; 29 Cy Law (2 Ed.), page 541. (3) The test of usury in a contract is whether it would, if performed, result in securing a greater rate of interest on the subject-matter than is allowed by law, and was that result intended. Kriebolm v. Yancey, 154 Mo. 85; Smith v. Parsons, 55 Minn. 520.

*J. P. O. Givens* and *Campbell & Ellison* for respondent.

(1) The appellate courts of this State have so often held that they will not review the finding of the trial court, where all the evidence is not preserved, that we deem it necessary to cite only a few of the recent cases. Paul v. Co., 87 Mo. App. 647; Williams v. Stroub, 168 Mo. 355. (2) It is well settled by repeated decisions of the appellate courts of this State, that if a mortgage is upon its face usurious or is by other evidence shown to be usurious, it is void. (3) The circuit court found that the plaintiff was not entitled to recover. This finding was made upon evidence only a part of which is now before this court. The determination of the question whether the mortgage is usurious and void under our statute, is determined not only by whether the mortgage upon its face exacts usury, but if it is shown by other evidence that the mortgagee received usury, then the mortgage is void. Drennon v. Dalincourt, 56 Mo. App. 128.

ELLISON, J.—This is an action in replevin for a piano. The trial was before the court without the aid of a jury and resulted in a judgment for the defendant.

Plaintiff, a piano dealer, sold the piano in question to Mrs. White for $300 and took from her the following note for the purchase price: "For value received, I promise to pay to the order of John N. Taylor three hundred dollars with eight per cent. interest per annum from date; said principal and interest payable, one square piano at $75 and balance in installments of ten dollars, each and every month, beginning February 7, 1900. Reasonable attorneys' fees allowed if collected by suit." This note was secured by a mortgage on the piano, which mortgage contained the following provision: "I agree that, if my payments do not amount to more than three dollars per month, to apply that amount as rent for the use of said property, and forfeit all my right to said property." The trial court found for defendant on the ground that such provision made the contract usurious and rendered the mortgage void.

Afterwards, a creditor of Mrs. White obtained a judgment against her and the piano was seized and sold under an execution to the defendant. This plaintiff, as mortgagee, then instituted this action.

It is stated in a standard work that "an agreement to pay more than interest, by way of a penalty for not paying the debt, is not usurious, because the debtor may relieve himself by paying the debt with lawful interest." And the author adds that, "even if he incurs the penalty, this may be reduced to the actual debt." [3 Parsons on Contracts, side page 116, bottom page 129.] The same is stated in Clark on Contracts, 401. Usury in this State is exacting or receiving more than eight per cent interest per annum. But if the debt, on which it is complained usury is exacted, may be wholly discharged according to its terms without reaching the usury, there is no usury, since the debtor has the priv-

ilege of paying the lawful sum only. [Ramsey v. Morrison, 39 N. J. L. 591; State v. Elliott, 61 Kansas 518; Gambril v. Doe, 8 Blackf. (Ind.) 140; Fisher v. Anderson, 25 Iowa 28; Weatherby v. Smith, 30 Iowa 131; Righter v. Warehouse Co., 99 Pa. St. 289; Downey v. Beach, 78 Ill. 53; McNairy v. Bell, 1 Yerg (Tenn.) 502; Walker v. Abt, 83 Ill. 226; Upton v. O'Donoghue, 32 Neb. 565; Rogers v. Sample, 33 Miss. 310; Spaid v. Hamilton, 1 Wallace 605, 626; Long v. Storie, 41 Eng. Ch. (9 Hare) 542.]

In the first of those cases, the contract, as in this case, provided for a legal rate of interest; and, if the payor failed to make the payment, certain shares of stock held by the payee should be forfeited to the payor. The court said: "This provision of forfeiture was by way of penalty for the non-performance of the contract. The contract itself called for no more than the payment of the sum loaned, with legal interest upon it, and the borrower had the right to pay to the plaintiff the principal and interest, according to the terms of his contract, and thereby avoid the penalty. It is essential to the nature of usury that a certain gain, exceeding the legal rate of interest, is to accrue to the lender as a consideration for the loan. If the gain to the lender, beyond the legal rate of interest, is, by the contract, made dependent on the will of the borrower, as where he may discharge himself from it by the punctual payment of the principal, the contract is not usurious." There is an old case cited in Fisher v. Anderson, supra, in which it was stated that, if "I loan to one a hundred pounds for two years, to pay for the loan thereof thirty pounds, and, if he pay the principal at the year's end, he shall pay nothing for interest, this is not usury, for the party hath his election, and may pay it at the first year's end, and so discharge himself." [Roberts v. Tremayne, Cro. Jac. 507.]

It is said in Kreibohm v. Yancey, 154 Mo. 85: "The

test of usury in a contract is whether it would, if performed, result in securing a greater rate of profit on the subject-matter than is allowed by law." In this case, it is indisputable that, if the contract is performed, as agreed, there would be no usury to taint it. It is only at the point of non-performance that the charge of usury is entered. So, contracts for the payment of money with the highest legal rate of interest have been upheld in this State, notwithstanding they provided that an attorney's fee in addition should be paid, if they were not discharged when due and were placed in the hands of an attorney.

There being no usury in the case, it should be decided without reference to that question. The note and mortgage, regarded as one paper for the purpose of showing the contract of the parties, discloses that the amount of the note may be discharged by the payment of a square piano valued at $75, and the balance in ten-dollar monthly instalments; but that, if less than three-dollar monthly instalments were paid, it should be regarded as rent and not payment on the note and the property should be forfeited.

So, if it was necessary to determine whether as much as three dollars per month has been paid on the note, the sum of all the payments should be divided by the number of months elapsed. For instance, the payment of the square piano, if made, would count for three dollars per month for twenty-five months. The most favorable view should be taken in the interest of the payor rather than resort to the harsh enforcement of a forfeiture of the principal contract. But it is really not necessary to make that calculation, since it appears that the payee has credited the amounts paid as payments on the note.

The judgment will be reversed and the cause remanded with directions to enter judgment for the plaintiff. All concur.