# Woodson, &c, *vs* The Bank of Galli-polis.

ERROR TO THE GREENUP CIRCUIT.

*Pleading in actions of law. Abatement. Bar.*

JUDGE MARSHALL delivered the opinion of the Court.

THE parties seem to have gone to trial on an issue made up without objection, so far as appears, on either side; and although the issue is not expressly taken on the point, whether there was or was not such a corporation as the President, Directors & Company of the Bank of Gallipolis, it may be regarded as substantially embracing that question, the affirmation of which was sufficiently established by the note itself, which is made payable to such a corporation. It may be further observed, that the matter of the plea, that there was no such corporation in existence being essentially matter in abatement and not in bar, and having been pleaded in bar, could not, in strictness, operate either in bar or abatement. We perceive no substantial error, therefore, in the judgment sought to be reversed. The principal questions intended to be raised on this record, arise on proceedings subsequent to the judgment, and which were of the following character:

The Bank of Gallipolis being an institution of the State of Ohio, operating under its laws, the defendants, claiming the privilege under an act of the Legislature of that State to pay off the judgment in notes of said Bank, tendered them to the Sheriff in discharge of the execution in his hands, and on his refusal to receive them, tendered them to the Attorney of the plaintiffs and afterwards brought them into Court, and obtained a rule against the Sheriff and the plaintiffs to show cause why said notes should not be received and the execution returned satisfied. On the hearing, under the rule, the defendants in the action read two sections of the statute of Ohio, passed in 1824, entitled, "an act to regulate judicial proceedings

## Margin notes

DEBT.

*Case 40.*

*October 12.*

Defendant having executed a note to a corporation by name, is sufficient evidence of its existence by that name.—

—And during its existence is essentially matter of abatement, & if pleaded in bar, is not in strictness good either in bar or abatement.

4bm203|
106 429|

Woodson, &c.
vs
Bank of Galli-
polis.

where Banks or Bankers are parties, and to prohibit issuing Bank bills of certain descriptions," of which the first section authorizes an action of assumpsit against any Bank by the holder of its notes, and the recovery of the full amount of the notes which he may hold at the time of trial; and the other, (the ninth section of the act,) relating exclusively to suits to be brought by Banks on notes or bills, enacts that if they sue the parties separately, they shall recover no costs; and that in all suits by Banks or their assigns on bills or notes, the Sheriff, upon any axecution in his hands in their favor, shall receive the notes of such Bank in discharge of the judgment; and that if the plaintiff refuses to receive them from the Sheriff, he shall not be liable to any proceeding whatever at the suit or on complaint of such plaintiff. The rule having been discharged by the Circuit Court, the question presented for our decision is, whether, in the execution of judgments rendered in this State in favor of an Ohio Bank, suing here, the Ohio statute, prescribing the duty of the Sheriff, shall be enforced here, in opposition to our own laws upon the subject of judgments and executions, and the duties of Sheriffs?

The law of the place of the contract is to govern its construction: but the law of the forum is to govern with regard to the remedy and all its incidents.

The bare statement of this question seems to dispense with the necessity of argument to establish a negative answer; for no principle is better settled than that, while the law of the place of the contract is to govern its construction and determine the rights of the parties under it, the law of the forum is to govern with regard to the remedy and all its incidents. In support of this position, universally admitted, no reference to authority is necessary; and although the result of its application in some cases may be doubtful or difficult of ascertainment, there seems to be neither doubt nor difficulty in the question, whether a foreign law shall intervene to change the effect of a judgment, and to control the action of the executive officer in its execution. To allow this would be to give to the statute of Ohio an extra territorial operation, not merely with regard to the contract itself, which should be the same every where, but with regard to the remedy for enforcing the contract which must vary according to the law of the place where its enforcement is sought. It

would be to allow the laws of Ohio not only to determine the rights of the parties under the contract, but also to determine the mode in which those rights should be effectuated wherever the remedy might be sought, and to prescribe the duties and change the regular action of the ministerial officers of another State. The propriety or impropriety of allowing this is not affected by any determination of the question, whether by operation of the statute of Ohio, the principle is engrafted on all contracts with her Banks, that the debtor may discharge his debt in notes upon the Bank to which he is indebted. If this were even expressed upon the face of the note, and a judgment were rendered in this State for the amount of the note without reference to the manner in which it might be discharged—if, under such circumstances, the right of the debtor under the contract would not be entirely lost, it certainly would not be enforcible by the summary remedy now attempted.

It would not be competent for the ministerial officer, nor even for the Court itself, as a common law Court, and on the mere motion of the defendant, to look behind the judgment and change its operation for the purpose of giving effect to a right of the defendant growing out of the contract on which a judgment, not recognizing that right, had been rendered. But even in such a case as has been supposed, and certainly in the present case the remedy, if any there be, must be had by resorting to a tribunal which, operating directly upon the parties themselves, may compel the plaintiffs to submit to such modification of their rights, under the judgment, as in view of the rights of all parties concerned, equity and good conscience may prescribe.

Wherefore, the judgment and the order discharging the rule are affirmed.

*Payne & Waller, Hord, Owsley & Goodloe* for plaintiff; *Beatty* for defendant.

*[margin note, right of first paragraph:]* Woodson, &c. *vs* Bank of Gallipolis.

*[margin note, right of second paragraph:]* The Courts of law of Kentucky cannot require their ministerial officers to observe the laws of Ohio, and receive on judgments rendered here, the bank notes issued by corporations in Ohio for debts due to them.