8bm122
106 429
106 845

**DEBT.**

*Case 32.*

## Jones, &c. *vs* The Bank of Tennessee.

### ERROR TO THE CHRISTIAN CIRCUIT.

*Bills of credit.   Pleas and pleading.   Estoppel.*

*December 27.*    JUDGE SIMPSON delivered the opinion of the Court.

Case stated and pleadings.

THE President and Directors of the Bank of Tennessee, brought this suit against the plaintiffs in error, on a note executed by them, for four thousand six hundred and seventy three dollars.   The suit was by petition and summons.   The defendants filed a demurrer to the petition, and ten pleas.   The plaintiffs in the petition demurred to nine of the pleas, and took issue on the other. The defendants' demurrer to the petition was overruled, and the demurrers filed by plaintiffs to the pleas, were sustained.   On the issue made up, a verdict was returned for the plaintiffs, and a judgment rendered thereon.

The only questions presented, relate to the validity of the pleas.   The petition is in due form; no objection to it is pointed out, nor is any perceived.   The demurrer to it was therefore properly overruled.

Bank notes issued by a State Bank are not bills of credit within the meaning of the Constitution of the United States: *Briscoe* vs *Bank of Com'wth.* (7 J. J. Marshall, 349; 11 Peters, 257.)

The first, eighth and tenth pleas present the same defence, and may be considered together.   The eighth and tenth pleas, which are more specific than the other, alledge that the Bank of Tennessee was incorporated by the State of Tennessee, and the whole stock in said Bank, was at the date of the writing sued on, and at the commencement of this suit, owned by said State, and that the writing sued on was executed by the defendants, for and in consideration of bills of credit, emitted by said Bank, and delivered to one of the defendants, and upon no other consideration, all of which was in violation of the Constitution of the United States, and therefore the writing sued on was void.

In regard to these pleas, it is only necessary to remark, that the facts which they aver, were considered insufficient by this Court, in the case of *Briscoe* vs *Bank of the Commonwealth of Kentucky,* (7 J. J. Marshall, 349,) to

constitute a valid defence to a suit by the Bank; and also by the Supreme Court of the United States, in the same case: (11 *Peters*, 257.) So that by the doctrine settled by these adjudications, these pleas are clearly bad.

The second plea alledges that the charter incorporating the Bank of Tennessee had been forfeited before the commencement of this suit, and there was not, at the time of its commencement, any such corporation in existence.

A debtor to a corporation cannot absolve himself from the payment of his debt, by alledging a forfeiture of its charter, in general terms. A forfeiture can only be established by a direct proceeding instituted for that purpose; and until so established, cannot be relied upon collaterally: *Hughes* vs *Bank of Somerset*, (5 *Littell's Rep.* 47; 6 *B. Monroe*, 601.) It is however contended the additional averment in the second plea, that there was no such corporation in existence at the time the suit was commenced, presents a substantial defence to the action.

By executing the note payable to the corporation, the defendants were estopped to deny its existence at that time: (1 *J. J. Marshall*, 380; 6 *B. Monroe*, 601.) If its existence had terminated before the commencement of the suit, the plea should have averred the facts which produced this termination, to have enabled the Court to decide whether or not they had this effect. This the plea evidently attempted, by alledging a forfeiture of the charter, and a consequent cessation of its corporate existence. As that part of the plea which alledged the cause of the non-existence of the corporation was bad, the balance of the plea, which contains a mere deduction from the fact previously alledged, must be regarded as equally defective.

The execution of a note payable to a corporation, is an admission of the existence of such a corporation at the date of the note: (1 J. J. Mar. 380; 6 B. Mon. 601.) A plea in such case averring the non-existence of the corporation, should set forth the facts by which it ceased to exist, or it will be bad.

Besides, a plea that no such corporation is in existence, is substantially matter of abatement, and cannot be relied on in bar of the action: (4 *B. Monroe*, 203.)

The third, fourth and fifth pleas aver that the plaintiffs had no corporate powers granted to them in their charter, to discount or acquire title to the writing sued

A plea denying the existence of a corporation which is plaintiff, is a plea in abatement, and should be so pleaded—not in bar: (4 B. Mon. 203.)

JONES, &c.
  vs
BANK OF TENNES-
    SEE.

on, or to commence or prosecute a suit on it in this State.

Pleas should aver facts, not conclusions of law only.

These pleas alledge deductions of law instead of facts. If the provisions in the charter conferred no such authority, it could only be shown legally, by setting forth the charter itself. The law would then determine its effect and the extent of the powers conferred by it. The pleas contain merely the conclusions of the defendants in relation to the extent of these powers, and assume the decision of a question of law, instead of averring matters of fact.

In a plea averring the illegal reservation of usury, where the note is payable in another State, it is necessary to aver what is the legal rate of interest in that State.

The sixth and ninth are the only remaining pleas. They each in substance alledge that the note sued on was executed on a corrupt and usurious agreement between the plaintiffs and the defendants, by which a greater interest was reserved than six per centum per annum, in violation of the charter incorporating the Bank of Tennessee, and against the laws of that State.

These pleas are defective, for the same reasons that the third, fourth and fifth were held to be bad. The note sued on was executed by the defendants to a corporation existing in the State of Tennessee, and made payable in that State. Its obligation and legal effect, are governed by the laws of that State. Those laws must be averred, and proved as matters of fact. It is not sufficient to aver that the agreement was illegal, and in violation of the laws of Tennessee, and the charter of incorporation. These are mere deductions, which are insufficient to constitute a good plea. These pleas do not even contain an averment that any law of the State of Tennessee in force at the execution of the note, prohibited the reservation of a greater interest than six per centum per annum on the loan of money, or that any of the provisions of the charter under which the plaintiffs had an existence as a corporation, forbade them to take on a loan of money, interest beyond that rate. They merely aver, after setting forth the alledged usurious agreement, that the consideration of the writing sued on was illegal, corrupt and usurious, in violation of the charter incorporating said Bank, and against the law of the State of Tennessee. Whether such is

the effect of a contract of this character, according to the charter of the Bank and the laws of Tennessee, is a matter of law which the defendants had no right to assume in their pleas; but which depending upon the charter of the Bank and the laws of that State, it devolved on the defendants to set forth in their pleas, leaving the conclusion to be determined by the Court upon the facts therein contained.

After the Court below had passed upon all these pleas, and sustained the demurrers to them, the defendants asked permission to file an amendment to plea No. 3, which the Court refused, to which action of the Court the defendants excepted.

The Court correctly refused permission to file the amended plea offered. The defence set up by it was, that the Bank of Tennessee, by the act of incorporation, was authorized to discount notes, and not bonds, and it had no authority to receive or discount the writing sued on.

The note sued on has scrawls attached to the defendants' names. It is but a promissory note under seal. If the Bank had a right to discount notes, it had a right to discount the paper in question. Besides, it was no abuse of the discretion of the Court, to refuse permission to file an amendment after the defendants had previously filed so many pleas, especially when it was the object of the amendment to present a mere technical defence.

Wherefore, the judgment is affirmed.

*B. & A. Monroe* for plaintiffs; *Loughborough* for defendants.