LEANDER LAWRENCE, Appellant, *v.* WILLIAM P. COWLES, Appellee.

APPEAL FROM JO DAVIESS.

Where, by the terms of a contract, a party can discharge himself by paying the real amount due, the transaction is not obnoxious to the statute against usury.

Where goods are purchased by A upon a letter of credit from B, the goods being charged on the books of the vendor to B, B giving his individual note for the amount of goods sold; these facts authorize the conclusion, that the goods were sold exclusively on the credit of B.

THIS was an action instituted in the Jo Daviess county Circuit Court, to recover the amount of a promissory note for $500, made by the appellant, and payable to the appellee. The declaration is in the usual form, and the pleas were non assumpsit and usury; a demurrer was interposed to the plea of usury, which was sustained by the court.

The other branch of the defence to the note on the trial was, that Lawrence, the appellant, agreed to guarantee the payment of an amount not exceeding $500 for one Wellington, and that said note was given merely as collateral security for the payment by Wellington of said sum. And that Lawrence was not liable on said note, by reason of said guaranty.

First, Because Cowles, the appellee, had trusted Wellington for a much larger sum than $500; and, secondly, because the bill of goods for which said guaranty was given, was paid for by Wellington to said appellee, Cowles, and because a much larger sum than $500 was paid to Cowles by Wellington both before and after the maturity of the note.

This cause was heard by SHELDON, Judge, (a jury having been waived,) at November term, 1851, of the Jo Daviess Circuit Court.

HIGGINS & STROTHER and B. C. COOK, for appellant.

E. S. LELAND, for appellee.

TREAT, C. J. This was an action of assumpsit brought by Cowles against Lawrence. The declaration was on a promissory note, made by the defendant to the plaintiff, bearing date at St. Louis, on the 22d day of June, 1847, for $500, at four months, with ten per cent. interest after maturity. The first plea was non assumpsit. The second plea alleged in substance, that the note was made in the State of Illinois, and that the plaintiff corruptly contracted to receive more than six per cent. interest thereon after maturity. The court sustained a demurrer to this plea. The cause was submitted to the court at the November term, 1851, and a judgment rendered in favor of the plaintiff for $398.92. The defendant prosecuted an appeal.

The demurrer was properly sustained to the second plea. The only pretence for holding the contract usurious, was the fact that a greater rate of interest than the law allowed was to be paid after the note became due. That circumstance did not taint the transaction with usury. The interest was in the nature of a penalty, to secure the punctual payment of the debt. It was in the power of the maker to avoid the payment of interest alto-

gether, by the prompt payment of the principal. Where, by the terms of a contract, a party can discharge himself by paying the real amount due, the transaction is not obnoxious to the statute against usury. On this point, the law seems to be well settled. Roberts *v.* Tremayne, 3 Croke, 507; Floyer *v.* Edwards, 1 Cowp. 112; Wells *v.* Girling, 1 Brod. & Bingh. 447; Bacon's Ab., title, Usury, letter C.; Cutler *v.* How, 8 Mass. 257; Gambril *v.* Doe, 8 Blackf. 140.

Did the evidence warrant the judgment of the court? The plaintiff read in evidence a promissory note corresponding with the one described in the declaration. The defendant then introduced the deposition of Freligh, who swore, in substance, that, a short time previous to the date of the note, he received a letter from the defendant, who resided at Galena, Illinois, requesting him to say to the plaintiff, who was a wholesale merchant in St. Louis, that he, defendant, would be responsible to plaintiff to an amount not exceeding $500 for groceries he might sell to Wellington, on four months' credit; which letter witness read to plaintiff, and he sold Wellington the goods. Plaintiff brought witness the note in question, and witness got the defendant to sign it, and returned it to the plaintiff. It was the impression of witness that plaintiff agreed to apply the first moneys received from Wellington to the payment of the note. Plaintiff told witness in the spring of 1849 that the note was nearly half paid. Witness has heard plaintiff say that Wellington owed him nothing when the goods were purchased for which the note was given, and that he credited Wellington at the same time for other goods. In November, 1849, plaintiff told witness that Wellington had purchased goods of him on credit at different times after the note was given, and was still owing him on account. Witness, at the same time, at the request of defendant, asked plaintiff for a statement of moneys received by him of Wellington, and plaintiff made a statement from his books of payments made by Wellington in 1837, as follows:

"Received of Wellington, July 24th, cash, $200; July 29th, L. L. note, $500; August 10th, cash, $400; September 6th, cash, $40; October 19th, cash, $22.53; December 4th, cash, $581.50."

The defendant also read in evidence the following letter:

" St. Louis, April 6th, 1849.

" Mr. L. Lawrence, Galena, Ill.

" Dear Sir, — Mr. Alfred Vinton, agent for Lyon, Shorb, & Co., having failed to collect your note (in my favor, dated June 22d, 1847, for $500) from Mr. Wellington, has handed it back to me. Mr. Paul, who had the note at Peru, informs me that Mr. Wellington has removed to Chicago, and all further hopes of getting the money from him are at an end. He owes me several hundred dollars, which I have no hopes at present of getting, and will thank you for any information which may lead to obtaining security. Mr. Freligh informs me that he will write you to-day, but I have thought best to write also, giving you such information as I think will at all refer to the matter. Your attention to this matter will oblige,

" Yours, respectfully,        " William P. Cowles."

The plaintiff then read the deposition of Cole, who stated he was the bookkeeper of plaintiff in 1847; that there was an account on the books against defendant, for which he gave his notes. One note was dated in March, 1847, and is nearly paid the other was dated the 22d of June, 1847, for $500. The books do not show that Wellington made any payments on the notes. · Wellington bought the goods and paid some money. Defendant gave notes for part of the goods bought by Wellington, and the account was under the defendant's name. The last note appears to the credit of defendant in July, 1847.

It is insisted that the note was given as collateral security for the payment of the first goods obtained by Wellington, and that the amount was fully discharged by the payments subsequently made by him; in other words, that the plaintiff had one continuous account against Wellington, and that the payments made from time to time extinguished the items on the debit side of the account in the order in which they accrued. But we think the circuit judge was authorized by the evidence to conclude, that the first goods procured by Wellington were sold exclusively on the credit of the defendant, and that he be-

came responsible therefor as the principal debtor. The goods were originally charged to him on the books, and he afterwards gave his individual note for the amount, which was passed to his credit on the account. It does not appear that these goods were ever charged to Wellington, or that he was regarded as liable for their payment. It is manifest that the plaintiff looked for payment to the defendant as the principal, and not merely as the security of Wellington. If the defendant only intended to assume the responsibility of a guarantor, why did he give his individual note for the goods? The fact that the plaintiff endeavored to obtain payment of the note from Wellington, does not tend to show that he considered him the principal debtor. He knew that, as between the defendant and Wellington, the latter ought to pay for the goods, and he therefore had the note presented to him for payment. It may well be doubted whether the plaintiff could maintain an action against Wellington, after charging the goods to the defendant and receiving his promissory note for the same. Nor did the memorandum, made at the instance of Freligh, tend to show that Wellington was ever regarded as the debtor for the goods. The plaintiff was asked for a statement of payments made by Wellington, and the note in question was included in the statement furnished. This does not show that Wellington was held responsible for the goods. It is certainly consistent with the fact that the goods were obtained by Wellington solely on the credit of the defendant.

The judgment is affirmed.

*Judgment affirmed.*