WILSON v. DEAN, <i>et al.</i>

1. INTEREST: PENALTY: USURY. An agreement to pay a sum of money by a day certain, and more than legal interest afterwards, by way of penalty, if the debt be not punctually paid, is not usurious.
2. SAME. The penalty for a failure to pay such a note at maturity can be recovered only as special damages.

<i>Appeal from Johnson District Court.</i>

THURSDAY, JUNE 7.

ACTION on a promissory note. Defense, usury; judgment for plaintiffs, and defendants appeal.

<i>Templin & Fairall</i> for the appellants, relied on 2 Par. Cont. 385, 400–4 and notes; <i>Smith, Twogood & Co.</i> v. <i>Coopers & Clarke,</i> 9 Iowa 376.

<i>Clark & Bro.</i> for the appellee, cited <i>Gower & Holt</i> v. <i>Carter & Shattuck,</i> 3 Iowa 244.

BALDWIN, J.—The defendants set up as a defense the plea of usury to the note sued on.   On the 28th day of January, 1858, the defendants were indebted to plaintiff in the sum of $450, for which they gave their note, payable on the 15th day of June following, for the sum of 467.70, the principal and ten per cent interest, to the maturity thereof.   It was also expressed in said note, that it was to draw ten per cent interest from date if not paid when due.   One hundred and

fifty-five dollars was paid at maturity, and this suit was commenced for the balance, October 7th, 1859.

The defendants by their answer, claim that upon the face of the contract there is usury, and that the plaintiff should not recover any interest whatever, or costs. To this answer the plaintiff filed a demurrer, which was sustained, and judgment rendered thereon. This question has been passed upon by this court in the case of *Gower & Holt* v. *Carter & Shattuck*, 3 Iowa 244. In that case it was held that an agreement to pay a sum of money by a day certain, and more than legal interest afterwards, by way of a penalty, if the debt be not punctually paid, is not usurious. The position taken by the court is that if the note had been paid according to its tenor at the time it became due there would not have been any usury paid or received. The ten per cent expressed in this note is the same as the penalty in the case referred to.

We think, however, the court erred in rendering judgment for ten per cent from the date of the note. It was not part of the original consideration for which the note had been given; it can be regarded only as a penalty, and for the failure to pay such penalty, the plaintiff should have claimed special damages. The judgment was for the sum $29.85 too much, which is remitted by the plaintiff.

The judgment of the District Court is therefore affirmed, less the sum of $29.85, at the costs of appellee.