66   532
36a 266

## JERIAL WILDAY *et al.*

### *v.*

## JAMES MORRISON.

1. USURY—*plea of.* To an action upon a promissory note for $5054, the defendants pleaded that, on the day of the date of the same, they were indebted to the plaintiff in the sum of $4356.89, and that plaintiff then contracted with defendants to forbear collecting the same for one year, in consideration that they would give to him their note for such sum and interest thereon for one year, at the rate of sixteen per cent per annum added thereto as principal, with ten per cent interest thereon after maturity, to which defendants agreed, and gave the note sued on, and that there was no other consideration for the same, and that defendants had, from time to time, paid on such note $4468, that being more than the original indebtedness, and that therefore the plaintiff ought not to recover anything, because the contract was usurious: *Held,* that the plea was good, and presented a complete bar.

2. SAME—*when added in principal, a forfeiture of subsequent interest follows.* When usury is added to the principal debt for one year, and the contract provides for only the legal rate after maturity, it is but one contract for the reservation of usurious interest, and is vicious in all its parts, no matter in what mode the interest may be expressed to be paid, and the creditor can collect only the principal debt, under the act of January 31, 1857.

3. SAME—*a penalty if not paid when due, is not.* Where a promissory note provides that, if the principal is not paid when due, a greater rate of interest shall be paid than is allowed by law, and it is made payable on so long a time as not to induce the belief that the interest clause was intended as an evasion of the statute, it will not be held to be usurious from such fact alone.

APPEAL from the Circuit Court of Morgan county; the Hon. CHARLES D. HODGES, Judge, presiding.

This was an action of assumpsit, by James Morrison against Jerial Wilday, Alexander Wilday and Charles Wilday, upon a promissory note dated January 1, 1859, payable one year after date, with ten per cent interest after maturity. The credits indorsed on the note were, June 25, 1859, $25; Jan. 1, 1864, $2000; on same day, $1332; Dec. 18, 1867, $1000; Oct. 1866, $10, and Feb. 20, 1868, $92. Judgment was rendered against the defendants Dec. 18, 1872, for the sum of $6153.60, and they appealed.

Mr. CYRUS EPLER, and Mr. ISAAC J. KETCHAM, for the appellants.

Mr. HENRY E. DUMMER, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The error assigned is, in sustaining the demurrer of appellee to the first special plea of appellants.

The suit was upon a promissory note bearing date January 1, 1859, for the sum of $5054, payable one year after date, with ten per cent interest from maturity until paid.

The plea alleged, in substance, that, on the first day of January, 1859, the date of the note, appellants were indebted to appellee in the sum of $4356.89, and that appellee then contracted with appellants that he would forbear the said indebtedness and the collection thereof for one year, in consideration that they would give to him their note for the amount of the indebtedness and interest thereon for one year, at the rate of sixteen per cent per annum, added thereto as principal, and make the note payable at one year with ten per cent interest thereon after maturity; to which appellants agreed, and gave their note accordingly, amounting to the sum of $5054; and that there was no other consideration for the note, and that it is the same sued on. And the plea further alleged,

that the appellants had, from time to time, paid on the note $4468, that being more than the amount of the original indebtedness, and that therefore appellee ought not to recover anything, because the contract was usurious.

The only objection made to the sufficiency of the plea is, that it professes to answer the whole cause of action, but answers only a part, the position taken by appellee in this respect being this: that, admitting sixteen per cent interest per annum on $4356.89, the amount actually due at the date of the note, was added to that sum to make the principal of the note, the usurious contract extended only to the maturity of the note; the legal effect of which would be the forfeiture of the amount of the sixteen per cent interest so added to the principal debt, and then the note would stand as one for $4356.89, which would bear ten per cent interest after due, if not paid at maturity.

We know of no legal warrant for thus dealing with a contract for the payment of usurious interest by dividing it up into parts, and accepting one part as valid, and rejecting another as illegal.

The form of the reservation of the interest in this case, by an agreement to pay a usurious rate of interest for one year, and only the legal rate afterward, in nowise changes the legal character of the contract. It is but one contract for the reservation of usurious interest, and is vicious in all its parts, no matter in what mode the interest may be expressed to be paid.

The act of January 31, 1857, (Laws 1857, p. 45,) regulating the rate of interest in this State, has adopted six per cent per annum, unless a larger rate is fixed by agreement. But the second section of the act allows the parties to agree upon any rate not exceeding ten per cent per annum. The third section provides that, if a greater rate that ten per cent per annum is taken or reserved, the creditor shall forfeit the whole interest, and only recover the principal sum due.

The plea sets out that a greater rate of interest than ten per cent per annum was here reserved. It follows, then, as expressly declared by the statute, that the whole interest is forfeited, as well the ten per cent portion of it which is reserved, as the sixteen per cent portion, and that only the principal sum due, of $4356.89, is recoverable.

The plea alleges the payment on the note of $4468, which exceeds the amount of the principal sum due; consequently, no part of the principal remains to be recovered, and the plea presents a complete bar to the whole cause of action.

It is supposed by counsel for appellee that the cases of *Lawrence* v. *Cowles*, 13 Ill. 577, *Gould* v. *The Bishop Hill Colony*, 35 id. 324, and *Davis* v. *Rider*, 53 id. 416, lend countenance to the position which he assumes.

Those were cases where it was held that an agreement to pay a larger rate of interest than the statute authorizes, only after the maturity of the debt, was not usurious; that the interest so reserved was only in the nature of a penalty to secure the punctual payment of the debt. But the cases were wholly unlike the present, except in the accidental circumstance of a reservation of interest to be paid after the maturity of the debt. No usury whatever appeared in those cases more than might be evidenced by the securities themselves, and they were made payable on so long time that it was held they did not, of themselves, induce the belief that the clause reserving interest in the form it did, was inserted with an intent to evade the statute against usury.

It was in the power of the debtor, there, by the terms of the contract, to avoid the payment of interest altogether, by the prompt payment of the principal.

Here, the contract is alleged to be an usurious one, and the reservation of the ten per cent interest a portion of such contract.

It is impossible, by the terms of the contract, for the makers of the note to escape from the payment of usurious interest. They may avoid the payment of the ten per cent interest, but

can only do so, under the contract, by the payment of a sum of money, consisting of the principal debt due and one year's usurious interest upon it. No aid in support of the demurrer is derived from the cases cited.

The demurrer should have been overruled, instead of being sustained to the plea.

The judgment is reversed and the cause remanded.

*Judgment reversed.*