# L. J. SHERMAN, Appellant, v. J. D. OSBORN, Respondent.

Pleading—Denial on Information and Belief.—Where the plaintiff in his reply used these words: "But whether the defendant was at the time a non-resident of this state, plaintiff has no knowledge or information thereof sufficient to form a belief, and therefore denies the said allegation:" *Held*, that this was a sufficient denial of the allegation of non-residence.

Appeal from Baker County.    The facts are stated in the opinion.

*L. O. Sterns and John J. Balleray*, for appellant.

*A. J. Lawrence and L. B. Ison*, for respondent.

By the Court, Kelly, C. J.:

This is an action brought upon a promissory note made and delivered by the respondent in the state of Nevada. As a defense to the action, he pleads the statute of limitations of that state in the following words: "That said promissory note was made and became due in Elko county, state of Nevada.    That at the time said cause of action arose on said promissory note, the said Rhinehart Brothers, the payees, and this defendant were non-residents of the State of Oregon, and that by the laws of the state of Nevada, in relation to contracts made prior to March 2, 1877, an action could only be commenced upon a promissory note in writing within four years from the time when the same became payable."

Although the respondent's defense under the statute of limitations of Nevada might have been set forth with more precision, we nevertheless think it is sufficient to present the defense relied on by the respondent under section twenty-six of the civil code, which provides that "when a cause of action has arisen in another state between non-residents of this state, and by the laws of the state where the cause of action arose an action can not be maintained thereon, by reason of the lapse of time, no action shall be maintained in this state."    We think the court did not err in overruling

the demurrer to the answer. The demurrer to the answer having been overruled, the appellant filed a reply in these words: "But whether the defendant, J. D. Osborne, was at that time, viz., the time when the cause of action arose on said promissory note, a non-resident of the state of Oregon, plaintiff has no knowledge or information thereof sufficient to form a belief, and therefore denies said allegation."

The court held that this was not a sufficient denial of knowledge or information to comply with the statute, and on motion, gave judgment upon the pleadings against the appellant. In this, we hold there was error. It was held by this court in the case of *Robbins* v. *Baker*, 2 Or. 52, upon a similar denial, and under a statute quite like the one now in force, that it was sufficient.

The judgment is reversed, and this case remanded for trial in the circuit court.