CLAFLIN v. REESE ET AL.

1. **Mortgage:** GUARANTOR: LIABILITY OF. The guarantor of a mortgage, which provided that the debt secured thereby should become at once due and payable in case of default in the payment of certain taxes, was held to be liable on the guaranty upon such default being made, although the note given for the mortgage debt, which was indorsed by him, was not by its terms due. His liability, being on the guaranty and not on the indorsement of the note, would not be contingent upon notice of non-payment and protest.

2. **Pleading:** DENIAL UPON KNOWLEDGE AND INFORMATION. A party must deny having either knowledge or information sufficient to form a belief as to the truth of a fact pleaded by the adverse party, to raise an issue by such denial under section 2655 of the Code.

*Appeal from Polk District Court.*

THURSDAY, OCTOBER 7.

ACTION in equity to foreclose a mortgage which was assigned and guaranteed by defendant Sherman. A decree of foreclosure of the mortgage was entered and a personal judgment rendered against Sherman, from which he appeals.

*P. F. Bartle,* for appellant.

*L. A. Wilkinson,* for appellee.

BECK, J.—I. The note secured by the mortgage is payable to defendant Sherman, who indorsed it in blank and executed an assignment and guaranty upon the mortgage in these words: "For value received I hereby assign and transfer the within mortgage to Elias K. Claflin, and guarantee the payment thereof, principal and interest." By the terms of the note it is not yet due, but the mortgage contains a stipulation that in case the mortgagors should fail to pay the taxes upon the land conveyed the whole mortgage debt should become due. The petition alleges default in payment of the taxes.

The defendant Sherman answering admitted the execution

of the note and mortgage, and that plaintiff is the owner thereof, but as to whether anything is due thereon, declared that he had not sufficient information to form a belief, and, therefore, denied that any sum is due upon the mortgage. In a second count he alleges that he is released and discharged as indorser of the note, for the reason that he had no notice of " the presentation and non-payment of the note, interest or taxes." A demurrer to the second count of the answer was sustained.

II. Counsel insist that defendant being an indorser is not liable except upon notice of presentation and dishonor

1. MORTGAGE: guarantor: liability of.

of the note. But defendant is a guarantor for the payment of the mortgage, and is liable as such without notice unless he shows prejudice resulting to him by reason of the want of notice. *Rodabaugh v. Pitkin*, 46 Iowa, 544. The debt became due by reason of the stipulation in the mortgage. By the terms of the note it was not due. Defendant is not liable as indorser of the note, but he is liable as guarantor of the mortgage, and to enforce this liability judgment was rendered against him. It is very plain that he cannot defeat recovery upon the ground that he is not liable upon the indorsement.

Counsel argue that as the note became due under the mortgage, defendant's liability rests thereon. This is a mistake as to the fact. The stipulation of the mortgage is not that the note shall become due upon failure to pay taxes, but that the money, the debt secured, shall fall due. The debt fell due under the terms of the mortgage.

III. The defendant asked for a jury, which was denied him; of this he complains. The ruling is right, for the rea-

2. PLEADING: denial upon knowledge and information.

son that defendant's answer after the demurrer was sustained contained no allegation sufficient to raise an issue. The first count states that defendant had no *information* sufficient to form a belief as to whether anything is due to plaintiff, and therefore denies that any sum is due. This is not sufficient. He should have

denied that he possessed any *knowledge* or information sufficient to form a belief. Code, § 2655, p. 2; *Manny v. French*, 23 Iowa, 250.

IV. Counsel further insist that the judgment is for a sum in excess of the amount due on the mortgage. The note provides for interest from date, and the mortgage from maturity, therefore counsel claim the judgment is excessive, for the reason that interest is calculated from the date of the note and mortgage. But the mortgage provides that payments of interest shall be made according to " the tenor and effect of the note." It clearly appears that the contract embodied in the note and mortgage requires the payment of interest from the date of the note and mortgage.

No other questions are presented in the case. The decree of the District Court is

AFFIRMED.