Argued 12 September, decided 8 October, 1900; rehearing denied 4 February, 1901.

## LAW TRUST SOCIETY v. HOGUE.

[62 Pac. 380, 63 Pac. 690.]

INCREASED INTEREST AFTER DEFAULT NOT USURY.

A note payable at a stated time with a given rate of interest, and providing that in default of payment of either principal or interest the principal should bear a higher rate of interest from the date of the note, will not be considered usurious unless it appears that the parties intended to avoid the law, but such additional interest will be considered as a penalty for nonpayment.

ABATEMENT—RULE OF PLEADING.

A defendant attempting to plead *nul tiel* corporation in abatement will be held to the technical rules governing such a plea.

ANSWER—ALLEGATION ON INFORMATION AND BELIEF.

An averment in an answer that defendant has no knowledge or information sufficient to form a belief as to whether an allegation of the complaint is true, is not a denial within the purview of Section 72, Hill's Ann. Laws, and does not raise an issue: *Robbins* v. *Baker*, 2 Or. 52, and *Sherman* v. *Osborn*, 8 Or. 66, distinguished.

(Headnotes by the court.)

From Washington : THOS. A. MCBRIDE, Judge.

This is a suit to foreclose a mortgage. The transcript shows that the defendants Harvey A. Hogue and Sarah L. Hogue, his wife, on September 1, 1892, gave to the Jarvis-Conklin Mortgage Trust Co. their promissory note for $6,600, payable in five years, with interest thereon at the rate of five and one-half per cent. per annum, payable semiannually, and stipulated therein that, if either principal or interest remained unpaid ten days after maturity, the principal should draw interest from date at the rate of eight per cent. per annum ; and to secure the payment thereof they executed to said company a mortgage on the donation land claim of Edward S. Sexton and wife in Washington County, Oregon, containing six hundred and forty acres, and covenanted therein that they would pay all taxes that might be levied on said land, and that if they should fail in this respect the holder of said note might pay the same, and the money so paid should be a

lien on the premises, and draw interest at the rate of eight
per cent. per annum from the date of such payment, which
mortgage was duly recorded in said county.  The defend-
ants paid the interest on said note for two and one-half
years, and no more ; and, having neglected to pay the
taxes levied on said land, plaintiff has paid on account
thereof the sum of $233.10.  The complaint alleges that
on September 1, 1892, and thereafter, the Jarvis-Conklin
Mortgage Trust Co. was and is a corporation organized
and existing under the laws of the State of Missouri, and
doing business in the State of Oregon ; that the plaintiff,
the Law Guarantee & Trust Society, Limited, of London,
England, is a corporation organized and existing under
the laws of Great Britain ; and that said company, for a
valuable consideration, assigned said note and mortgage
to plaintiff, which prays for a decree foreclosing the mort-
gage, and a recovery of the principal, with interest at the
rate of eight per cent. per annum since September 1, 1892,
less the sum of $907.50 paid on account thereof, the said
sum of $233.10, and a reasonable sum as attorney's fees.
Henry Jones and Rosetta, his wife, were made parties de-
fendant ; the plaintiff alleging that they had or claimed
some right or interest in the mortgaged premises, but
that such right or interest, if any, was subsequent and
inferior to the lien of said mortgage.  The defendant
Henry Jones filed an answer in the nature of a plea in
abatement, alleging that he had no knowledge or infor-
mation sufficient to form a belief as to whether the Jarvis-
Conklin Mortgage Trust Co. was or is a corporation, and
in the same manner sought to controvert the allegations
of the complaint respecting the assignment of said note
and mortgage, and of plaintiff's corporate existence.  The
defendants Hogue and wife in their answer make the same
allegations on information and belief, and also allege that

37 OR.—35.

they executed said note in pursuance of a fraudulent agreement entered into with the mortgagee, whereby the latter, or the holder of said note, was to receive a greater rate of interest than is allowed by law. The reply having put in issue the allegations of new matter in the plea and answer, a trial was had, resulting in a decree as prayed for, except that interest at five and one-half per cent. per annum only was allowed from the time of default; and the defendants Hogue and Henry Jones appeal.

                                                    AFFIRMED.

For appellants there was an oral argument by *Mr. Sanderson Reed*, with a brief over the names of *William W. Thayer*, *Lawrence A. McNary*, and *Reed & Hogue*.

Where a corporation is formed by direct legislative enactment the charter of an incorporation granted by a foreign country or sister state must be proved like any other foreign law : (Morawetz, Priv. Cor. § 39 ; *United States Bank* v. *Stearns*, 15 Wend. 134 ; *Savage* v. *Russell*, 84 Ala. 103) ; but where the corporation is formed under a general law, proof of the law has necessarily to be made, and then that the conditions necessary to confer the franchise have been complied with : Morawetz, Priv. Corp. § 4 ; *Mokelumne Hill Mining Co.* v. *Woodbury*, 14 Cal. 424 (73 Am. Dec 658.).

A judicial record to be admissible in evidence in the courts of this state must be duly authenticated in the manner prescribed by Section 731, Hill's Ann. Laws : *In re Clayton's Will*, 24 Or. 542 (34 Pac. 358).

To entitle such documents to be admitted in evidence under the common law—if a foreign document—there were three essential elements necessary : (1) The certificate of the officer having the custody of such record or document; or (2) its exemplification by affixing the

great seal of the state to the copy : 1 Am. & Eng. Enc. Law (1 ed.), 1020, 1021.

In addition to the articles of association or incorporation of an alleged foreign corporation—duly authenticated—it is necessary to show by a duly exemplified copy the act of the legislature under which the alleged corporation is alleged to have been organized or chartered and is authorized thereby to transact the particular business it alleges it has entered into : *United States* v. *Amedy*, 24 U. S. (11 Wheat.) 392.

A consular certificate is not admissible to prove a law, a judicial record, or a fact concerning a public document of record in a foreign state, and such certificate is not evidence : *Church* v. *Hubbard*, 6 U. S. (2 Cranch), 187.

The issues sought to be made by defendants, and actually tried in the lower court, were that plaintiff is not a corporation and has no right to sue ; that plaintiff's assignor was not a corporation ; that the alleged assignment was void and plaintiff has no title to the note and mortgage sued upon, and that said note and mortgage are usurious and void.   The defendant Henry Jones filed an answer in which, by way of plea in abatement, he alleged "that he has no knowledge or information sufficient to form a belief as to whether or not the plaintiff is a citizen or subject of a foreign state, to wit : Great Britain and Ireland, or duly or at all organized or existing under or by virtue of the laws of Great Britain," and so on through the allegation concerning the existence of plaintiff, and in similar language tendered issues of the existence of the Jarvis-Conklin Co., the assignment by said company to the plaintiff, and the right of plaintiff to foreclose the mortgage.   Defendants Hogue, in their answer to the merits, allege "that they have no knowledge nor information sufficient to form a belief as to whether the plaintiff is a citizen or subject of any foreign

state, or is duly or at all organized or existing under or by virtue of any law or laws of Great Britain, or otherwise, or at all,'' and tendered an issue in similar language as to all the facts alleged concerning plaintiff's existence or incorporation and rights in the suit, the existence of the Jarvis-Conklin Mortgage Trust Co., the alleged assignment of the mortgage by the Jarvis-Conklin Mortgage Trust Co., and its right to do business, etc. These answers in abatement and in bar are sufficient to to make the issues sought to be made by them : *Robbins* v. *Baker*, 2 Or. 52 ; *Sherman* v. *Osborn*, 8 Or. 67 ; *Cumins* v. *Lawrence County*, 1 So. Dak. 158 (46 N. W. 182) ; *Farmers' Bank* v. *Charlotte Board of Aldermen*, 75 N. C. 45 ; *Mehan* v. *Harlem Savings Bank*, 5 Hun, 439, 440 (1875) ; *Grocers' Bank* v. *O'Rorke*, 6 Hun, 18 (1875) ; *Minde* v. *Oskaloosa*, 55 Iowa, 207 (1880) ; *Whittman* v. *Watry*, 37 Wis. 238, 241 ; Bliss, Code Pl. (3 ed.) § 325.

The following authorities are not in conflict with the proposition above stated : Pomeroy, Code Rem. (3 ed.) § 640 ; Bliss, Code Pl. (3 ed.) § 326 ; *Gas Co.* v. *San Francisco*, 9 Cal. 453 ; *Curtis* v. *Richards*, 9 Cal. 33 ; *Humphreys* v. *McCall*, 9 Cal. 59, 62 (70 Am. Dec. 621).

The decision of the Supreme Court of Oregon in the cases of *Robbins* v. *Baker* and *Sherman* v. *Osborn* has become a rule of practice, which on the doctrine of *stare decisis* should not be departed from : *Willits* v. *Walter*, 32 Or. 411, 417 (52 Pac. 24) ; *Talbot* v. *Garretson*, 31 Or. 256, 268 (49 Pac. 978) ; *Lewis Printing Co.* v. *Reeves*, 26 Or. 445 (38 Pac. 622).

The sufficiency of the answers in bar and in abatement was never questioned in the court below. No demurrer to either was filed. The issue was recognized as having been made by the answers, and the suit was tried upon that theory. Defendant Jones offered to take up his plea in abatement first, but by agreement of the attorneys all

the questions were tried together. The court in its decision held "that plaintiff is a corporation in all respects as alleged in the complaint." The sufficiency of a pleading to make an issue sought to be raised by it and tried below cannot be raised for the first time on appeal: *Minard* v. *McBee*, 29 Or. 225 (44 Pac. 491); *Bennett* v. *Minott*, 28 Or. 339, 345 (44 Pac. 283); *Mitchell* v. *Taylor*, 27 Or. 377, 389 (41 Pac. 119); *Rayburn* v. *Davisson*, 22 Or. 247 (29 Pac. 791).

The amount of money loaned on the note and advanced on the security taken was $5,956.40 and no more. The complaint asks for a decree upon the following allegation: "That there is due the plaintiff the sum of $6,600.00 as principal named in said note, with interest thereon from September 1, 1892, at the rate of eight per cent. per annum, less the sum of $907.50 heretofore paid on account of interest;" in other words, the plaintiff herein asks for a decree for the return of $5,956.40, the amount loaned, and interest at eight per cent., and in addition thereto the further sum of $643.60, which it is not shown the plaintiff ever owed, and it is proven and admitted the defendant never got, and also interest upon said fictitious sum of $643.60. This exceeds ten per cent., the rate limited, and is such excessive interest as is forbidden by section 3589 of our statutes.

The contract is: "This note is to draw interest from date at the rate of eight per cent. per annum, if either principal or interest remain unpaid ten days after due." We submit this contract is positive and clear; it is not in the alternative; it is not at any one's option. The interest having remained unpaid ten days, the whole amount bears interest from date: the interest having remained unpaid ten days, the rate of five and one-half per cent. disappears and the rate is eight per cent. from date. Nothing is said about penalty. The contract pro-

vides for either five and one-half or eight per cent., but not interchangeably, nor at the same time, nor at any one's option, nor at any one's will. It provides for a rate of interest to be paid at all events and exclusive of any other arrangement upon a condition, and the condition has disappeared and the rate has become certain and exists.

The purchaser of a note or contract made in violation of an express provision of section 3589 has nothing to forfeit; the note being illegal and void in its inception, it never had any legal existence, and the purchaser never had any property in it: *Chapman* v. *State of Oregon*, 5 Or. 434. See, also, *Barger* v. *Taylor*, 30 Or. 228 (47 Pac. 618).

The "corrupt intent" sometimes referred to is an intention knowingly to contract for or take usurious interest—but ignorance of the law will not protect a party from the penalties of usury, as it is merely a statutory offense : *Krumseig* v. *Mo. Kan. & T. T. Co.* 71 Fed. 352, 77 Fed. 32 ; *Missouri, K. & T. T. Co.* v. *Krumseig*, 19 Sup. Ct. 181 ; *Trust Co.* v. *McLachan*, 59 Minn. 468. There is no issue made as to whether any penalty or damages were contracted for ; no issue of law raised in any way, and no issue of fact on which evidence could be introduced.

For respondent there was a brief over the names of *E. F. Riley* and *E. E. Savage*, with an oral argument by *Mr. Riley*.

MR. JUSTICE MOORE, after stating the facts, delivered the opinion of the court.

It is contended by defendant's counsel that the evidence introduced at the trial is insufficient to establish the corporate existence of the Jarvis-Conklin Mortgage Trust Co. or of the plaintiff, and that the court erred in finding otherwise, while plaintiff's counsel insists that the transcript fails to show that Jones has any substantial interest in the result of the suit, and hence his plea is a nullity ; that said plea and answer do not deny, but only allege upon information and belief, a lack of knowledge respecting the incorporation of said company and society, and therefore the allegations of the complaint in these particulars are not put in issue thereby ; that proof of the existence of a corporation cannot be demanded by parties who have entered into a contract with it ; and that said answer, so far as it attempts to controvert the existence of the corporation, is in the nature of a plea in abatement, which, being joined with an answer to the merits, amounts to a waiver of said plea. The evidence shows that Jones is the equitable owner of the mortgaged premises, for whom Hogue probably holds the legal title in trust ; and, having been made a party defendant, he undoubtedly had the right to set forth by answer as many defenses as he had : Hill's Ann. Laws, § 73. Our statute, in prescribing the manner of controverting the allegations of a complaint, so far as applicable herein, is as follows : "The answer of the defendant shall contain (1) a specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief :" Hill's Ann. Laws, §.72. It will be remembered that the plea and answer do not deny any knowledge or information concerning the incorporation of the Jarvis-Conklin Mortgage

Trust Co. or of plaintiff, unless the defendants' allegations that they have no knowledge or information thereof sufficient to. form a belief shall be construed as a denial. In *Flood* v. *Reynolds*, 13 How. Prac. 112, under a statute of New York which permitted a defendant in certain cases to deny that he had any knowledge or information sufficient to form a belief, it was held that an allegation by the defendant that he had no knowledge or information of a material allegation of the complaint sufficient to form a belief was a compliance with the requirements of the statute. Mr. Justice HARRIS, in speaking of the defendant's averment, says : ''He had a right, therefore, instead of denying the truth of the allegation, to put its truth in issue, by asserting that he could not say whether it was true or not, because he had no knowledge or information on the subject from which he could form a belief. He was not bound to go through with the idle ceremony of denying the truth of the allegation, after having asserted that he had no belief whatever whether it was true or not.'' In *Grocers' Bank* v. *O'Rorke*, 6 Hun, 18, it is said : ''It has been held in various cases that an answer alleging that defendant has no knowledge or information sufficient to form a belief makes a complete denial.'' See, also, *Meehan* v. *Harlem Sav. Bank*, 5 Hun, 439.

The allegations of the plea and answer were not denials of any knowledge or information of a material allegation of a fact in the complaint sufficient to form a belief (*Cumins* v. *Lawrence County*, 1 S. D. 158, 46 N. W. 182); but under the rule that in the interpretation of a pleading, for the purpose of determining its effect, its allegations shall be liberally construed, with a view of substantial justice between the parties (Hill's Ann. Laws, § 84 ; *Jackson* v. *Jackson*, 17 Or. 110, 19 Pac. 847; *Corbett* v. *Wrenn*, 25 Or. 305, 35 Pac. 658 ; *Wyatt* v. *Wyatt*, 31 Or. 531, 49 Pac. 855), such allegations, in my opinion, are

equivalent to denials, and put in issue the allegations of the complaint controverted thereby.   If it be assumed that a party who enters into a contract with an alleged corporation in the use of, and within the scope of, corporate powers and franchises, is estopped to deny its corporate existence in a suit by the *de facto* corporation to enforce the contract (7 Am. & Eng. Enc. Law [2 ed.], 668; 1 Thompson, Corp. § 518;  Bliss, Code Pl. [3 ed.] § 252); that the execution of the promissory note by Hogue and wife to the Jarvis-Conklin Mortgage Trust Co. is sufficient evidence of its corporate existence ( *Woodson* v. *Bank of Gallipolis*, 4 B. Mon. 203;  *Depew* v. *Bank of Limestone*, 1 J. J. Marsh. 378;  *Gaines* v. *Bank of Mississippi*, 12 Ark. 769); that the obligation created by the estoppel binds the party making it, and all persons privy to him (8 Enc. Pl. & Prac. 6;  *Jackson-Sharp Co.* v. *Holland*, 14 Fla. 384); that Jones sustained that relation to Hogue and wife;  and that the estoppel relied upon is apparent from an inspection of the complaint, thus avoiding the necessity of specially pleading it,—the rule invoked is inapplicable, because the plaintiff failed to demur to the answer and plea, thereby waiving the estoppel (8 Enc. Pl. & Prac. 9;  *Trimble* v. *State*, 4 Blackf.* 42;  *Love* v. *Kidwell*, 4 Blackf. 553;  *Collins* v. *Mitchell*, 5 Fla. 364;  *Smith* v. *Whitaker*, 11 Ill. 417;  *Bartholomew* v. *Candee*, 14 Pick. 167;  *Oregonian Ry. Co.* v. *Oregon Ry. & Nav. Co.* 10 Sawy. 464, 22 Fed. 245).   A plea of *nul tiel* corporation imposes upon the plaintiff the burden of proving its corporate existence, but whether it should be considered as a plea in abatement or in bar has been the subject of much controversy.  In *Oregonian Ry. Co.* v. *Oregon Ry. & Nav. Co.* 10 Sawy. 464 (22 Fed. 245), Mr. Justice DEADY, in speaking of such a defense, says :   ''A corporation may exist for many purposes, and yet not have capacity to sue in a particular case, and a plea in abatement is the proper

mode of taking advantage of that fact; but the defense of a want of corporate existence goes further, and may be pleaded either in abatement or bar. But the latter is the most effective, and unless the matter is specially pleaded, as in abatement, it will be considered in bar or to the merits." In *Guaga Iron Co.* v. *Dawson*, 4 Blackf. 202, it was held that a plea of *nul tiel* corporation was a plea in bar. To the same effect, see Bliss, Code Pl. (3 ed.) § 248; *Christian Society* v. *Macomber*, 3 Metc. (Mass.), 235. Such plea does not suggest a better writ, thereby lacking one of the essential elements of a plea in abatement; and as it tends to defeat, and not to postpone, the action, we think the better reason supports the theory that a plea of *nul tiel* corporation goes to the merits, and is a plea in bar, and, this being so, Hogue and wife did not waive such defense by joining it with a plea to the merits.

The issue thus presented being material, and, as I believe, properly pleaded, the question is whether the evidence introduced at the trial was sufficient to establish the corporate existence of the mortgagee and its assignee. Plaintiff's counsel offered in evidence what purport to be copies of the articles of incorporation of the Jarvis-Conklin Mortgage Trust Co., and a certificate of its corporate existence issued November 3, 1888, by Michael K. McGrath, the then Secretary of State of the State of Missouri, to the effect that said company had become a body corporate, with all the rights and privileges granted to trust companies under the laws of the State of Missouri, and certified to November 30, 1897, by A. A. Lesuer, Secretary of State of that state, and attested by his official seal. There was also introduced in evidence what purports to be a printed copy of the memorandum of incorporation of the Law Guarantee & Trust Society, Limited, adopted April 11, 1888, and amended in part March 13, 1895, which amendment appears to have been approved

April 27, 1895, by a decree of the high court of justice, in the chancery division, said articles and amendment being certified to by Walter S. Bates, assistant secretary, and each certified to as "a true copy" by J. S. Purcell, registrar of joint stock companies, and certificates appended thereto, issued May 6, 1897, by said registrar, to the effect that said society was incorporated under the companies' acts of 1862 to 1886, as a limited company, on April 11, 1888, and that said society had by special resolution altered its objects, which alteration was confirmed by order of the high court of justice April 27, 1895, and that a copy of said order, and a printed copy of the memorandum of association so altered, were registered pursuant to the companies' act of 1890 on May 10, 1895.   There is also appended the certificate of Patrick A. Collins, Consul General of the United States for Great Britain and Ireland at London, and attested by his official seal, to the effect that the signature of J. S. Purcell, subscribed to the annexed certificates, is the true and proper handwriting of J. S. Purcell, C. B., inland revenue office, registrar of joint stock companies ; that the "companies' registration office" in London has no official seal; and that, to all acts signed as the annexed, full faith and credit are and ought to be given in judicature and thereout.   The laws of the State of Missouri and the companies' acts of Great Britain of 1862 to 1886 and of 1890, referred to in the secretary's and registrar's certificates, were not offered in evidence.

Judge Thompson, in his work on Corporations (section 220), in speaking of the manner of proving the existence of a corporation, says :   "If it is a corporation created by a foreign statute, the statute must be proved as a fact, in the mode prescribed by the law of the forum for the proof of foreign laws.   If the statute is a special law of a foreign state, the mode of proving it will usually be by an ex-

emplified copy, certified by the Secretary of State, or otherwise authenticated as provided by the act of congress. If the corporation is organized under a general law of another state of the Union, it will usually be sufficient, under the rules of evidence in most of the states, statutory or resting in adjudged cases, to prove it by the production of a book of the statutes of such other state, which purports on its face to be published by the authority of such state." In *United States Bank* v. *Stearns*, 15 Wend. 314, Mr. Chief Justice SAVAGE, in speaking of the character and degree of evidence required in such cases, says : "The least proof which has been held sufficient is the production of an exemplification of the act incorporating the plaintiffs, and evidence of user under their charter." In *Savage* v. *Russell*, 84 Ala. 103 (4 South. 235), it was held that a foreign corporation whose existence was denied must show not only the papers and proceedings of incorporation, but the statute of the sister state authorizing such incorporation. In *Eagle Works* v. *Churchill*, 2 Bosw. 166, it was held that the certificate of the Secretary of State of a sister state was sufficient to prove the existence of a corporation, provided that due proof of the statute under which the corporation was organized was also made. The plaintiff, having neglected to offer in evidence books printed or published under the authority of the State of Missouri and of Great Britain, and purporting to contain the general laws under which the Jarvis-Conklin Mortgage Trust Co. and plaintiff were probably incorporated, and the latter's articles amended (Hill's Ann. Laws, § 725), failed to establish the *de facto* existence of said company and society : *State* v. *Savage*, 36 Or. 191 (60 Pac. 610).

Another question to be considered is that of usury. Our statute provides, in effect, that on contracts interest at the rate of ten per cent. per annum may be charged,

by express agreement of the parties, and no more, and if it shall be ascertained in any suit brought on any contract that a rate of interest has been contracted for greater than so authorized, either directly or indirectly, the same shall be deemed usurious, and shall work a forfeiture of the entire debt so contracted to the school fund of the county where such suit is brought: Hill's Ann. Laws, §§ 3587, 3589. The trial court, upon the issue under consideration, found, in effect, that it was calculated and understood by the lender and borrowers at the time the note was executed that the sum of $5,956.40, with interest at the rate of eight per cent. per annum for five years, was equal in amount to the sum of $6,600 for the same term at the rate of five and one-half per cent. per annum; that there was no agreement to pay or receive usurious interest; and that the two and one-half per cent. additional interest stipulated for in case of default was in the nature of a penalty, which the defendant might avoid by making payment of the interest and principal when they severally matured,—but refused to enforce such penalty; and, the plaintiff not having appealed therefrom, the only question to be considered is whether such finding is justified by the terms of the note. In *Union Trust Co.* v. *Hagood* (C. C.), 97 Fed. 360, Mr. Justice SIMONTON, in promulgating a rule for determining whether a stipulation for the payment of an increased rate of interest in case of default constitutes usury, or is only a penalty, says: "If, from the contract, it appears that the parties, when making it, understood that the words of the note were not peremptory, but that the maker would be indulged, provided he paid the increased rate of interest, this would be usury; but if the threat of increased interest was held out to enforce prompt payment, and if the increased rate was penalty for the default, it would not be usury."

In *Lawrence* v. *Cowles*, 13 Ill. 577, an action to recover on a promissory note, with interest after maturity at the rate of ten per cent. per annum, the statute permitting only six, it was held that the increased rate of interest was in the nature of a penalty to secure the punctual payment of the debt, the court saying : "It was in the power of the maker to avoid the payment of interest altogether, by the prompt payment of the principal. Where, by the terms of a contract, a party can discharge himself by paying the real amount due, the transaction is not obnoxious to the statute against usury." In *Cutler* v. *How*, 8 Mass. *257, it was held that where, by the terms of a contract, the party may, by payment at a day certain, avoid any stipulated penalty, such contract is not usurious. To the effect that a stipulation is a contract to pay after maturity a greater rate of interest than that prescribed by law is a penalty only, and not usurious, see 27 Am. & Eng. Enc. Law (1 ed.), 994 ; *Ramsey* v. *Morrison*, 39 N. J. Law, 591 ; *Gower* v. *Carter*, 3 Iowa, 244 (66 Am. Dec. 71) ; *Wilson* v. *Dean*, 10 Iowa, 432. In *Wilday* v. *Morrison*, 66 Ill. 532, it was held that where a promissory note provides that, if the principal is not paid when due, a greater rate of interest shall be paid than is allowed by law, and it is made payable on so long a time as not to induce the belief that the interest clause was intended as an evasion of the statute, it will not be held to be usurious from such fact alone. The note being payable five years after its execution leads us to believe that the stipulation to pay the increased rate of interest after maturity was intended as a penalty, and not to evade the statute ; and, this being so, there was no error in said finding of the court below.

For the failure to make proof of the corporate existence of the mortgagee and its assignee, the decree, in my opinion, ought to be reversed, and the suit dismissed

without prejudice : Hill's Ann. Laws, § 403.    My associates, however, are of the opinion that the answer of defendant Jones is insufficient as a plea in abatement, because it does not allege, either positively or upon information and belief, that the plaintiff is not a corporation. Having attempted to plead *nul tiel* corporation in abatement, the sufficiency of his answer must be determined by the technical rules governing such a plea, and must contain a full and direct averment of all material facts necessary to constitute it : 1 Enc. Pl. & Prac. 23.    The answer of the defendant Hogue is insufficient to put in issue the corporate existence of either the plaintiff or the Jarvis-Conklin Mortgage Trust Co., because it does not deny the allegations of the complaint touching their incorporation.    Our statute requires the answer to contain a specific denial of each material allegation controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief : Hill's Ann. Laws, § 72.    Under this provision, a mere affirmative averment that the defendant has no knowledge or information sufficient to form a belief concerning a material matter alleged in the complaint is not a denial, and presents no issue for trial : Pomeroy, Code Rem. (3 ed.) § 640 ;   Bliss, Code Pl. (3 ed.) § 326 ;   *San Francisco Gas Co.* v. *City of San Francisco*, 9 Cal. 453.    The New York cases heretofore referred to were decided under a statute authorizing either a general or specific denial.    At common law a direct traverse is made by an affirmation the contrary to that of the opposite party.    Hence it was entirely proper for the courts of New York to hold that an affirmative allegation would amount, in effect, to a denial.    But our statute requires a specific denial, and since the answer of defendant Hogue does not deny the corporate existence of the plaintiff or of the Jarvis-Conklin Mortgage Trust Co., either positively or upon

information and belief, no issue upon that question was presented for trial. Therefore the error, if any, in the admission of evidence tending to prove their corporate existence was immaterial. The decree is therefore affirmed.                                        AFFIRMED.

Decided 4 February, 1901.

ON PETITION FOR REHEARING.

MR. JUSTICE WOLVERTON delivered the opinion.

By a supplemental petition for rehearing, filed since the original was denied, it is insisted that the holding of the court to the effect that a mere affirmative averment of defendants' want of knowledge or information sufficient to form a belief concerning a material matter alleged in the complaint is not a good denial, and presents no issue, is opposed to two former decisions of this court, namely, *Robbins* v. *Baker*, 2 Or. 52, and *Sherman* v. *Osborn*, 8 Or. 66. These cases are not referred to in the opinion, and, to the end that we may not be misunderstood, we have deemed it advisable to state our position more fully. For their answer the defendants Hogue and wife "allege that they have no knowledge nor information sufficient to form a belief as to whether the plaintiff is a citizen or subject of any foreign state, or is duly or at all organized or existing under or by virtue of any law or laws of Great Britain, or otherwise, or at all," and "allege that they have no knowledge nor information sufficient to form a belief as to whether the Jarvis-Conklin Mortgage Trust Co. is, or ever was, a corporation organized or existing under or by virtue of the laws of the State of Missouri, or otherwise, or at all." These are the allegations held to be insufficient to put the question of the incorporation of these two supposed corporations at issue. In *Robbins* v. *Baker*, 2 Or. 52, the court states the question under con-

sideration as follows :   "The answer in this case does not declare absolutely that the defendant has no knowledge of the matter controverted, but denies that he has sufficient knowledge to make up an opinion or form a belief;" and it was held that the form of expression used in the answer conveyed the same meaning as though the language of the statute had been followed.   The form of the answer was neither discussed nor determined.   In *Sherman* v. *Osborn*, 8 Or. 66, the denial was as follows :   "But whether the defendant  *  *  *  was at the time  *  *  *  a nonresident of the State of Oregon, plaintiff has no knowledge or information thereof sufficient to form a belief, and therefore denies said allegation," and the court held it sufficient, citing *Robbins* v. *Baker*, 2 Or. 52.   It will be observed that this was an allegation that the plaintiff had no knowledge or information sufficient to form a belief as to whether, etc., followed by the clause, "and therefore denies the same."   In later cases it has been held that a denial of any knowledge or information sufficient to form a belief as to the existence of a particular fact is good under the code :  *Wilson* v. *Allen*, 11 Or. 154 (2 Pac. 91);  *Colburn* v. *Barrett*, 21 Or. 27 (26 Pac. 1008).   So that by prior decisions of this court two forms of expression may be used in constructing a denial.   One follows the statute literally, being a denial of any knowledge or information, etc., and the other is by affirming a negative that he has no knowledge or information, etc., followed by the expression, "and therefore denies the same."   We are not aware that any other form of denial upon information or belief has the sanction of this court.   It will be noted that in each of these forms there is a denial, which, although not a literal, is a substantial compliance with the statute.   The statute, which, according to text writers and the weight of authority, should be exactly followed,

87 Or.—36.

has prescribed the requisites of this species of denial; and, while the affirmation of the negative, followed by the expression "and therefore denies the same," has received the sanction of some courts, yet it must be conceded that a mere affirmative, without being accompanied by any form of denial, is by no means an exact compliance therewith, and, in our opinion, is not permissible : Pomeroy, Rem. (3 ed.) § 640 ; Phillips, Code Pl. § 364 ; *The Holladay Case* (C. C.), 27 Fed. 830, 841 ; *Claflin v. Reese*, 54 Iowa, 544 (6 N. W. 729).          REHEARING DENIED.