[No. 15262. In Bank.—September 24, 1894.]

## MARY THOMPSON, APPELLANT, *v.* CHRIST GORNER, RESPONDENT.

PROMISSORY NOTE — PROVISION 'FOR INCREASE OF INTEREST AFTER DEFAULT—PENALTY.—A provision in a promissory note, after providing for the payment of monthly interest at the rate of eight per cent per annum, that "if said principal or interest is not paid as it becomes due it shall thereafter bear interest at the rate of one per cent per month," is not to be treated as a penalty, but as a contract to pay one per cent per month interest upon a contingency.

ID.—ACCEPTANCE OF INTEREST AT LOWER RATE—WAIVER.—If such note be not paid at its maturity the payee, by accepting monthly interest at the rate of eight per cent per annum, waives the right to collect more interest for the months for which it was so accepted, but does not waive the right to demand one per cent per month in the future.

ID.—EXECUTORY WRITTEN CONTRACT—ALTERATION.—Under section 1698 of the Civil Code the note, so far as the future interest is concerned, was an executory written contract, and could be altered only by a contract in writing or by an executed oral agreement.

APPEAL from a judgment of the Superior Court of Alameda County.

The facts are stated in the opinion of the court.

*Edgar B. Haymond,* for Appellant.

*John Yule,* and *Edward H. Stearns,* for Respondent.

MCFARLAND, J.—This is an action to foreclose a mortgage given to secure a promissory note. The appeal involves only a small amount of interest on the principal of the note. The note was dated March 20, 1888, and matured two years after date. The interest clause which gives rise to the present controversy is as follows: "With interest thereon, in like gold coin, from the date hereof until paid, at the rate of eight per cent per annum, payable monthly, in advance, and if said principal or interest is not paid as it becomes due it shall thereafter bear interest at the rate of one per cent per month." The monthly interest was paid each month until the maturity of the note. After that, the principal not having been paid, the defendant continued to pay to plaintiff, who was the holder of the note, the monthly interest at eight per cent per annum; and said interest at said rate was received by plaintiff and accepted by her as payment of said monthly interest until February 20, 1892. On said last-named day defendant offered to pay a month's interest as usual—at the said rate of eight per cent per annum —but the plaintiff refused to receive it, and claimed interest at one per cent per month as provided in the note. On March 18, 1892, defendant tendered to plaintiff the whole amount of principal due, and also the amount of interest due rated at eight per cent per annum. This the plaintiff refused to receive as full payment of the whole indebtedness on the note and mortgage; and

on March 31, 1892, she commenced this action. The court below held, as conclusions of law, that the one per cent per month was in the nature of a penalty; and also that plaintiff, having accepted the monthly interest at eight per cent per annum for nearly two years, waived any claim of right to exact one per cent per month interest after the maturity of the note.

When this appeal was in department it was held that the one per cent clause in the note was not to be treated as a penalty, but as a contract to pay one per cent per month interest upon a contingency shown to have happened; but that the acceptance by plaintiff of the interest at eight per cent per annum was a waiver of her claim to collect more interest for the months for which she had so accepted the interest at eight per cent. We are satisfied with both of these conclusions, and adhere to them.

But it was also held in department that plaintiff, by accepting the eight per cent for past months, waived her right to demand the one per cent per month in the future. Plaintiff's points and authorities were very meager, covering only one page and referring only to the question of penalty. In her petition for hearing in bank her counsel calls our attention to section 1698 of the Civil Code which reads as follows: "A contract in writing may be altered by a contract in writing or by an *executed* oral agreement, and *not otherwise.*" Under the principle of this section the plaintiff was entitled to recover interest at one per cent per month for the time during which she refused to accept, and did not accept, interest at eight per cent per annum. She did not contract in writing to change the interest as expressed by the written terms of the note; and her acceptance of the eight per cent was of no higher dignity than an express oral agreement. But it was an *executed* agreement only as to months for which she accepted the interest at eight per cent; as to the future it was executory (*Erenberg* v. *Peters*, 66 Cal. 114; *Taylor* v. *Soldati*, 68 Cal. 27; *Simmons* v. *Hamilton*, 56 Cal. 493), and void under said

section of the code.    (*Johnson* v. *Polhemus,* 99 Cal. 240.)
It does not clearly appear from the transcript, which by
stipulation does not include all of the judgment-roll,
whether or not plaintiff claims as interest the difference
between eight per cent and the one per cent for the
months during which she accepted the eight per cent,
but she is not entitled to said difference for said months.
She is entitled, however, to interest at one per cent per
month from the time she first demanded it.    She should
have judgment for the amount of the principal and in-
terest thereon from and after the twentieth day of Feb-
ruary, 1892, at one per cent per month.

The judgment is reversed, with direction to the supe-
rior court to render judgment for the plaintiff for the
amount due and unpaid upon the principal of the note,
together with interest thereon from February 20, 1892,
at one per cent per annum.

HARRISON, J., FITZGERALD, J., DE HAVEN, J., and
VAN FLEET, J., concurred.