[No. 6795.]

GODSMARK V. BENNETT'S ESTATE.

1. APPEAL—Effect—An appeal from an order allowing against a decedent estate, interest upon a promissory note, has not the effect to bring into review a later order denying a claim against the estate for an attorney's fee, asserted pursuant to the terms of the same promissory note—(201).

2. ——Harmless Error—The admission of incompetent testimony as to a fact which is established by other competent and convincing testimony, is harmless—(204).

3. INTEREST—*Waiver of*—A promissory note bore interest at a specified rate until maturity, and at an increased rate thereafter. A year after maturity the payee accepted two years' interest at the original rate, and repeatedly stated afterwards that she was allowing the money to stand out at the original rate. *Held*, the increased rate was waived—(202-204).

The creditor in such case is presumed to know the contents of the paper, and especially the provision for the increased rate of interest after maturity—(202).

4. ——*The stipulation for increase in rate after maturity*, is a contract and not a penalty.

5. CONTRACTS—*Construction—Unknown Provision*—A stipulation in a promissory note of which neither of the parties thereto is aware must be rejected as no part of the contract—(203, 204).

*Error to Routt District Court.*—HON. JOHN T. SHUMATE, Judge.

Mr. T. WEBSTER HOYT, for plaintiff in error.

Messrs. JOSEPH K. BOZARD and WELLS B. McCLELLAND, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The plaintiff in error, Alice L. Godsmark, was a niece of Jenny Bennett. On November 3rd, 1902, Mrs. Bennett borrowed of her niece $1,000, for which she gave her promissory note, of which the following is a copy:

"$1,000.00                Steamboat Springs, Colo.,
                                November 3, 1902.

One year after date, I promise to pay Alice L. Godsmark or order One Thousand and no/100 Dollars, with interest at six per cent. per annum from date until due, payable at the office of Milner & Co., Bankers, Steamboat Springs, Colorado. If not paid when due, to bear interest at two per cent. per month until paid.

It is also stipulated that should this note be collected by an attorney (whether by suit or otherwise) ten per cent. shall be allowed the holder as attorney's fees.

(Signed)    JENNEY BENNETT."

This note was written on one of the regular forms of Milner & Co., bankers, in which the provision for two per cent. per month interest after due was printed. It is undisputed that interest on this note to November 3, 1904, one year after it matured, at the rate of six per cent. per annum was paid to and accepted by Mrs. Godsmark. Payment of the note was secured by a trust deed upon real estate. In the spring of 1906 Mrs. Bennett fell sick, and died the following June. The estate was left in the hands of Dr. B. L. Jefferson, as executor of her will, Mrs. Godsmark not being remembered therein.

In September, 1906, Mrs. Godsmark filed a claim against the estate on account of this note, for $1450., of which $450. was interest at the rate of twenty-four per cent. a year from November 3, 1904. On June 24, 1907, the probate court of Routt county allowed $1158.35, which includes the principal of the note and interest at the rate of six per cent. from November 3, 1904, to that date, and disallowed all interest in excess of six per cent. per annum. On July 9, 1907, a claim of ten per cent. of this allowance as an attorney fee was filed. The $1158.35 was paid by the executor and accepted by Mrs. Godsmark. But she prayed, was allowed and perfected an appeal to the Routt county district court from the order disallowing extra interest. On July 20, 1907, the county court disallowed the claim for attorney fee. No exception was taken to this order and judgment, no appeal was prayed, none was granted and none perfected, although upon the other appeal the whole record relating to both claims was

certified to the district court.  It was there determined
that no appeal had been taken from the disallowance of
the claim for attorney fee, no bond having been ordered
or given to effect it.  The bond on appeal from the dis-
allowance of extra interest was dated prior to the entry
of the order and judgment disallowing the claim for an
attorney fee.  No other appeal bond was filed.  That no
appeal from the particular disallowance is taken is there-
fore clear, and upon this review nothing will be consid-
ered except the question whether plaintiff in error shall
have interest on the note at the rate of twenty-four per
cent. a year, from November 3rd, 1904, the district court
having affirmed the judgment of the county court, dis-
allowing the claim for interest in excess of six per cent.

Two contentions are here for consideration.  One is
that, if the two per cent. per month interest clause was
in fact a part of the contract, Mrs. Godsmark waived her
right to recover it by voluntarily accepting interest at
the rate of six per cent. a year after the note matured.
The other is, that the proofs show and establish that the
two per cent. per month interest clause is not in fact a
part of the contract actually entered into between the
plaintiff in error and the decedent.

When Mrs. Godsmark accepted the interest on the
note at the rate of six per cent. a year, after the paper
became due, and permitted the money to be retained by
her aunt, that seems to imply that the loan should con-
tinue at the original rate of interest, and must have been
so understood by Mrs. Bennett.  But Mrs. Godsmark not
only did this, she thereafter repeatedly stated that she was
permitting her aunt to have money at six per cent. per
annum when she could get more.  This is made clear from
the testimony of Mrs. Green and Mrs. Becker, also nieces
of Mrs. Bennett.

But it is contended by counsel for plaintiff in error that Mrs. Godsmark, at those times, did not know that this provision was in the note, and therefore could not have waived it. The testimony shows that Mrs. Godsmark was in personal possession of the note and deposited it in the Colorado National Bank, Denver. She had ample opportunity to examine and learn the contents of the note. If she did not know its provisions, she ought to have known them. It was at all times under her control and subject to her orders. Two years after the note was given, and one year after it was due, she caused to be indorsed thereon the payment of two years' interest at the annual rate of six per cent. Under such circumstances she must be charged with knowledge, as matter of law, of the terms of the note. Lack of knowledge on her part that the note contained this provision was due to her own neglect, and she is entitled to no relief, either in law or in equity, from a situation brought about by her own carelessness. When she accepted interest on the note for two years at the rate originally provided therein, and caused the same to be indorsed thereon, at a time when the note was more than a year overdue, she is presumed to have acted with full knowledge.—*Penny v. Martin,* 4 Johnson's Chancery, 566; *McDaniels v. Bank of Rutland,* 29 Vermont, 230; and *Spitze v. B. & O. R. R. Co.,* 32 Am. St. Rep. 378, note 384.

The note matured in November, 1903; it was in November, 1904, that she accepted interest at the rate of six per cent. to that date. Still later Mrs. Godsmark, writing to her cousin, during the illness of Mrs. Bennett, in 1906, declared that she was letting her aunt have $1,000. at six per cent. when she could get ten per cent. a year for it. In May of that year she stated the same thing to another cousin. This shows plainly that there

was no intention on her part to charge more than that rate of interest. It was a clear waiver of the higher rate. When a note provides for an extra amount of interest after maturity, whether this provision be regarded as a contract or a penalty, if the payee accepts interest at the original rate, and does not demand the higher one, the right to the extra interest is waived. In our state such a provision is construed as a contract. In California the same doctrine prevails. Under circumstances such as are here disclosed, in the latter state the extra interest is considered waived. *Thompson v. Gorner,* 104 Cal. 168. The question has also had the careful consideration of Mr. Freeman, in his note in the case of *Close v. Riddle,* 91 Am. St. Rep. 580, under paragraph IV! at page 589. The doctrine is there laid down as above indicated, and it finds almost universal support in the authorities.

In Illinois a like provision in a note is treated as penalty, but the application of the doctrine of waiver is there held to be the same. Where a note provides for a certain rate of interest until due, and if not paid when due then to bear interest at the rate of five per cent. per month, and the payee accepted interest at the original rate from time to time, and did not demand the greater interest until after the death of the maker, it was held that he had waived his right to the greater interest.—*Bradford & Son v. Hoiles,* 66 Ill. 517.

If the evidence adduced fails to establish that the higher interest rate was waived by the acts of the complainant, it does show that the two per cent. per month interest clause is no part of the contract. The testimony of Mrs. Godsmark discloses that it was not until after the death of Mrs. Bennett that she even knew that the note contained the clause for greater interest after maturity. It would appear that this testimony alone is suffi-

cient to establish the fact that it was never contracted between the parties that the paper should ever, at any time, draw any such rate. Mrs. Godsmark exacted no such condition, and surely Mrs. Bennett did not know of this provision, for if she did it is incredible that she would have allowed the paper to run at such a rate of interest for almost three years after maturity and up to the very time of her death. The simple explanation is that in giving this note a blank form was used that contained, printed therein, this provision for interest after maturity, which by inadvertence was allowed to remain. The minds of the parties never met on this proposition, and it was never agreed to. It was not required by the one or sanctioned by the other. Under the circumstances, it may fairly be held that this excessive interest clause was in fact no part of the agreement between the parties and should be eliminated.

There is much controversy over the testimony offered by the estate through the witness J. R. Harding, an attorney, and admitted in evidence over objection. It was contended by plaintiff in error that, because of the relation of attorney and client existing between herself and this witness, her communications to him were privileged. The court below held that no such relation did exist and overruled the objection. However, in our view of the case, whatever the fact may be as to the admissibility of this evidence, it did the claimant no harm. There is abundant testimony of a most satisfactory and convincing character, beside that given by Mr. Harding, to support the judgment of the court below. On review of the case we have wholly disregarded that evidence, and are fully persuaded that upon the record, independent of Mr. Harding's testimony, the judgment of the district court should be affirmed.     *Judgment affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE WHITE concur.