Argued June 16, decided June 24, 1913.

# WRENN *v.* UNIVERSITY LAND CO.

(133 Pac. 627.)

**Damages—Penalty—Construction of Contract—Provision for Interest.**

1. Where a contract for the purchase of real estate on installments provides for the payment of interest on the installments at 8 per cent, but remits the interest in case the installments are all paid promptly at maturity, the provision for the payment of interest is not a penalty, and is enforceable both at law and in equity, and the purchasers, who were one or two days late in the payment of some of the installments, are not entitled to a specific performance of the contract until the interest is paid.

[As to agreements purporting to liquidate damages, see notes in 108 Am. St. Rep. 45; Ann. Cas. 1912C, 1021.]

Words and Phrases—"Penalty."

2. A "penalty" is an agreement to pay a greater sum to secure the payment of a less sum; it is conditional, and can be avoided by the payment of the less sum before the contingency agreed upon shall happen.

From Multnomah: ROBERT G. MORROW, Judge.

Statement by MR. JUSTICE RAMSEY.

This is a suit by Sarah B. Wrenn, Ada A. Schlott and Susie M. Wrenn against the University Land Company, asking for the specific performance of a contract to convey lots 38, 39 and 40, as described on the plat of University Park as it appears on record in the public records of deeds of Multnomah County, Oregon. The contract is dated February 15, 1907. The respondents claim that they have fully performed said contract on their part, and are entitled to a deed of conveyance of said lots. The appellant claims that the respondents are not entitled to a conveyance of said lots, because they failed to pay the interest amounting to $74.18, which the appellant asserts has accumulated and become due on the purchase price of said lots. The purchase price of the lots was $600, and it was fully paid, but no interest thereon was paid. Whether or not the respondents were entitled to a deed of conveyance depends upon whether any interest accrued on said contract. The facts in the case were agreed upon by stipulation of the parties. The defendant appealed.                    REVERSED.

For appellant there was a brief and an oral argument by *Mr. P. L. Willis.*

For respondents there was a brief with oral arguments by *Messrs. Platt & Platt, Mr. Palmer E. Fales* and *Mr. J. O. Bailey.*

65 Or.—28

MR. JUSTICE RAMSEY delivered the opinion of the court.

This suit for specific performance is based on a written contract of which the following is a copy, in part, to wit:

"This contract, made and entered into this 15th day of February, 1907, by and between University Land Company, a corporation of Multnomah County, Oregon, as first party hereto, and Sarah B. Wrenn, Ada A. Schlott, Susie M. Wrenn, as second party hereto, witnesseth: That the said first party, in consideration of the covenants, and agreements, herein contained and the payments herein mentioned, agrees to sell unto the second party, all the land situated in the county of Multnomah and State of Oregon, and described as follows, to wit:

"Lots thirty-eight (38), thirty-nine (39), and forty (40), block 182, as shown and designated on the plat of University Park as the same appears on record in the public records of deeds of said Multnomah County, and delivers the possession thereof to said second party, all for the sum or purchase price of six hundred dollars ($600), to be paid by the second party to the first party at its office in Portland, Oregon, at the following named times, to wit: Thirty dollars ($30) in cash, the receipt whereof is hereby acknowledged and the remainder in monthly installments, as follows: Fifteen dollars ($15) thereof on or before the 15th day of March, 1907, and fifteen ($15) additional dollars thereof on or before the 15th day of each calendar month thereafter until the whole of said purchase price shall be paid. All of which payments said second party hereby agrees to make at the times and place above provided therefor, with interest at the rate of eight per cent per annum, payable in like installments immediately after the last installment of principal shall fall due. All interest shall be remitted if each installment of principal shall be paid at or before maturity."

It will be perceived that the agreed purchase price of the three lots was $600. Thirty dollars of the purchase price was paid at the time the contract was executed, leaving $570 to be paid in 38 monthly installments on or before the 15th day of each month until the whole $570 should be paid.

1. The question to be decided arises upon the following clause of the contract: "All of which payments said second party hereby agrees to make at the times and place above provided for, with interest at the rate of 8 per cent per annum, payable in like installments immediately after the last installment of principal shall fall due. All interest shall be remitted *if* each installment of principal shall be paid at or before maturity." The respondents failed to pay the installments of principal on or before the fifteenth day of ten of the months in which said installments became due, but the fifteen days of three of those months fell on Sundays. In two instances the payments were made on the seventeenth day of the month, and in the other eight instances the payments were made on the sixteenth days of the months. The defaults were only for one or two days in each instance.

The respondents claim that the provision in the contract for the payment of interest was a penalty, and that no interest became due or payable. This presents the only question for decision on this appeal. While the defaults were only for a day or two in each instance, they were sufficient to preclude the respondents' having the benefit of the clause in the contract "remitting the payment of interest," unless the clause providing for the payment of interest created a penalty. The contract does not use the word "penalty" or the phrase "liquidated damages." It will be observed that by this contract the respond-

ents agreed to make all the payments of principal imposed by the contract at the times and place provided for by the contract, "with interest at the rate of 8 per cent per annum, payable in like installments immediately after the last installment of principal shall fall due," and then provided that all interest shall be remitted, *if* each installment of principal shall be paid on or before maturity. The agreement to pay interest is absolute. The clause providing for the remission of interest is an independent sentence, to be construed, however, in connection with the sentence preceding it. The provision for remission of the interest was to be operative only on condition that the respondents should pay each installment of principal on or before its maturity. The interest was to be 8 per cent per annum, and, according to the terms of the contract, it was to be *paid as interest*.

2. Black, in his Law Dictionary, second edition, page 887, defines "penalty" thus: "A penalty is an agreement to pay a greater sum to secure the payment of a less sum. It is conditional, and can be avoided by the payment of the less sum before the contingency agreed upon shall happen." Professor Pomeroy, in section 436, volume 1, of his work on Equity Jurisprudence, third edition, states the rule thus as to penalties: "It may be regarded as a rule of universal application that if a party for any reason is liable to pay, or binds himself to pay, a certain sum of money, and adds a stipulation to the effect that, in case such sum shall not be paid at the time agreed upon, he shall then be liable to pay, or be bound to pay, a larger sum of money, the stipulation to pay the 'larger sum' is invariably and necessarily a penalty. Of course, in this proposition, it is understood that the 'larger sum' is not simply the lawful interest accruing upon the principal actually due." According to Pro-

fessor Pomeroy, lawful interest to be paid upon money actually due cannot constitute the "larger sum" to be paid which is necessary to create a penalty. This is a material point in this case, because the "larger sum" to be paid in this case is the 8 per cent interest per annum on the principal sum agreed to be paid for the three lots.

This court held in *Close* v. *Riddle,* 40 Or. 592, 596 (67 Pac. 933, 91 Am. St. Rep. 580), that where a promissory note bore interest from its date until maturity at 6 per cent per annum, and contained a clause to the effect that, if it should not be paid at maturity, it should bear interest from the day of its maturity at the rate of 8 per cent per annum, the clause increasing the rate of interest from 6 to 8 per cent per annum was valid, and did not create a penalty. MOORE, J., delivering the opinion of the court in that case, said *inter alia:* "While the decisions upon this subject are not uniform, we think the great preponderance of authority supports the rule that, where a higher rate of interest is expressly reserved to be paid after maturity, the rate so stipulated is recoverable if not usurious." That case seems to settle the law in this state upon that question. The point was directly made in that case that the clause increasing the rate of interest from 6 to 8 per cent per annum after maturity of the debt created a penalty and that equity would not enforce it, but the court held that it was valid and enforced it. In *Rumsey* v. *Matthews,* 1 Bibb (Ky.), 242, the court says:

"It has been always admitted that if the contract be for the payment of principal and interest by a given day, with a proviso, that, if the principal be punctually paid on that day, the interest should be remitted, both principal and interest shall be recovered, if the principal be not punctually paid. In good sense there can exist no difference between that case

and this.   In both no interest is demandable if the debt be punctually paid; in both the obligor may discharge himself by paying the principal without interest on the day; and in both the obligee may, if he chooses, demand payment on the day, but without interest.   In both cases the contract is equally fair, and the object is the same in both, to wit, the securing punctuality in the payment of the principal. * * It is just that interest shall be paid for the use of money. In the present case the parties had stipulated as to the time the interest should begin to run in the way most favorable to the obligor by allowing him to discharge himself on the day without interest.   The parties were competent to make this agreement; it is prohibited by no statute; there is no turpitude in it, and there is no sound policy militating against it.''

Referring to a contract analogous to the one in question, the court in *Rogers* v. *Sample,* 33 Miss. 312 (69 Am. Dec. 349), says:

''There is nothing illegal or unconscientious in such a contract; for the debtor can readily avoid the payment of interest by doing that which law and good faith require him to do, viz., paying the principal at maturity.   He is therefore subjected to no loss, except what he has occasioned by his own wrong.''

Chief Justice CHRISTANCY in *Flanders* v. *Chamberlain,* 24 Mich. 305, 316, says:

''As this note shows on its face that it was to draw no interest before maturity, if then paid, it is claimed that this is in the nature of a penalty; and in ordinary cases, when a note is given for a precedent debt, I am strongly inclined to think such a provision for interest from date at 10 per cent if not paid when due, ought to be treated as a penalty rather than stipulated damages for nonpayment at the day.   But it is shown that this note was given for property sold on these specific terms, such being the condition of the sale,

and undoubtedly a vendor has a right to refuse to sell except upon this or any other condition; and, such being the condition of the sale in pursuance of which the note was given, I think it must draw interest from date at the rate mentioned.''

In *Fisher* v. *Anderson,* 25 Iowa, 28 (95 Am. Dec. 761), the court hold that where a promissory note stipulated that, if it be not paid when due, it shall draw interest at 10 per cent per annum from date, it is not usurious, and that, if it was not paid at maturity, the principal and 10 per cent interest from date could be recovered, and rejected the contention that it was a penalty. In the case of *Reeves, Admr.,* v. *Stipp,* 91 Ill. 610, 611, the court says:

''The defense insisted upon is that the interest reserved in the note from the date thereof unless paid at maturity is a penalty, and, as the maker died before the note matured, it is contended the estate, equitably, ought not to be held for it. The fallacy of the position taken lies in the assumption that the rate of interest reserved from the date of the note, which was evidently intended to secure prompt payment, is penalty and not liquidated damages. Whether the sum named in an agreement to secure performance will be treated as liquidated damages or as penalty is often a question of much difficulty. * * It is very clear the parties in this case intended the interest reserved should be the measure of damages in case the note was not paid when due. The parties call it neither penalty nor liquidated damages, but that is a matter of no consequence. It is simply a rate of interest which is lawful by contract under our statute from the date of the note, inserted with a view to secure prompt payment. It is a contract the maker could lawfully make, and, if living, it could be enforced against him as valid and binding in law, etc.''

In *Thompson* v. *Gorner,* 104 Cal. 168 (37 Pac. 900, 43 Am. St. Rep. 81), the court held where a promis-

sory note, after providing for the payment of interest at the rate of 8 per cent per annum, provided also, that, if the principal or interest is not paid as it becomes due, it shall thereafter bear interest at the rate of 1 per cent per month, such a contract is not to be treated as a penalty, but as a contract to pay 1 per cent per month interest upon a contingency. In *McKay* v. *Bank,* 27 Colo. 54 (59 Pac. 747), the court says:

"On the other hand, counsel for appellee contend that the agreement to pay an increased rate of interest in case of such default (nonpayment of principal at maturity) is a contract to pay a higher rate of interest on a contingency, or a contract for liquidated damages; and that such an agreement, not being in contravention of any statute, or affected by actual fraud, or such circumstances as warrants the inference of undue advantage, is enforceable both at law and in equity. We think the latter view is correct."

16 American and English Encyclopedia of Law, second edition, page 1049, discussing this question, says:

"By the weight of authority a stipulation for a higher rate of interest after maturity is valid and enforceable, provided the increased rate which it is sought to recover does not exceed the highest rate allowed by law, and in the absence of a statute limiting the rate which may be contracted for, or where the rate provided for after maturity is not unlawful, a stipulation for a higher rate after maturity will generally be considered as liquidated damages rather than as a penalty for a breach."

We have examined all the authorities referred to in the briefs of counsel and some others, but we deem it unnecessary to refer to any additional cases. While there is some conflict in the decision, we think that

both reason and a strong preponderance of the authorities are to the effect that the agreement of the respondents in this case to pay interest is not a penalty, and that it is an agreement to pay interest on $570 at 8 per cent per annum, with a condition that, if each installment of principal should be paid at or before maturity thereof, the payment of interest should be remitted. We deem such a contract valid and enforceable both at law and in equity. It was in the power of the respondents to avoid the paying of the interest by paying each installment of principal on or before its maturity as they agreed to do. Their failure to make the payments promptly when due fastens on them the liability to pay the interest stipulated to be paid. The rate of interest to be paid is only 8 per cent per annum.

It is usual for debtors to pay interest on deferred payments, and there is nothing unreasonable in an agreement in a case like this to pay interest at 8 per cent per annum on the principal if the installments of principal should not be paid promptly when due. The agreement to pay interest in this case is not repugnant to any statute or contrary to public policy, and fraud is not charged. The respondents are not entitled to a decree for specific performance on the contract, because they have not paid the interest provided for by the contract.

The decree of the court below is reversed, and the case is remanded to the court below, with instructions to enter in its journal the decree of this court, and to dismiss the suit without prejudice to the rights of the respondents to institute another suit for specific performance after paying said interest.      REVERSED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BURNETT concur.